JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Gregory Zucco ("Zucco") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence him to maximum consecutive terms of imprisonment. For the reasons adduced below, we vacate the sentence and remand for resentencing.
 {¶ 2} The following facts give rise to this appeal. On July 2, 2003, Zucco was indicted by the Cuyahoga County Grand Jury in a three-count indictment. Counts one and two charged aggravated vehicular assault in violation of R.C. 2903.08. Count three charged failure to stop after an accident in violation of R.C.4549.02. Following a jury trial, Zucco was found guilty of counts two and three.
 {¶ 3} The charges arose out of a car accident that occurred on June 8, 2003. The testimony in the case established the following facts.
 {¶ 4} On the night of the accident, Zucco went to a party in Cleveland Heights. Zucco left the party with Martin Kenny and Dean Stecker, and the three headed downtown. Zucco drove because he "had a nicer car," a 2001 Lexus.
 {¶ 5} The three went to the Diamond Men's Club, a strip club on the west bank of the Flats in Cleveland Each had two or three drinks. After leaving the establishment, Zucco drove the three through the Flats. Zucco was driving aimlessly through the Flats at an estimated speed between 60 and 70 miles per hour. Kenny told Zucco to slow down. Zucco admitted that he was driving 60 miles per hour when he hit the gas, flipped the car, and lost control on a bridge. Kenny sustained serious injuries as a result of the accident. Part of his hand was torn off.
 {¶ 6} Zucco and Stecker got out of the vehicle. When another car drove up, the driver of that car got out and asked if everyone was all right. Zucco asked him to help flip the car back over. After the car was upright, Stecker got Kenny out of the car. Zucco proceeded to jump back into his car and drive away, leaving Kenny and Stecker on the bridge.
 {¶ 7} Zucco drove around for a few minutes and parked his car. He then heard sirens and saw emergency vehicles heading to the scene. Zucco did not go back to the scene to see if Kenny was all right, but instead he walked home. At the time of the accident, Zucco had an expired driver's license and he did not have car insurance.
 {¶ 8} Kenny spent a week in the hospital recovering from his injuries and subsequent surgeries. At the time of trial, Kenny was scheduled for further surgeries for his scalp. He testified there was nothing more they could do for his arm. He also testified he was unable to perform any of the jobs that he had performed before. He stated that because there was no insurance, he had not been able to get a prosthetic.
 {¶ 9} At the sentencing hearing, the trial court sentenced Zucco to eighteen months of incarceration on count two and twelve months of incarceration on count three; both were maximum sentences and were ordered to run consecutive to each other.
 {¶ 10} Zucco has appealed this sentence, raising two assignments of error for our review. His first assignment of error provides the following:
 {¶ 11} "The trial court failed to adequately state why the imposed sentence departed from the statutory presumption of community control sanctions in violation of R.C. 2929.14(B)."
 {¶ 12} Zucco argues that the trial court erred by imposing more than the minimum sentence, failing to adequately explain why it was departing from the minimum sentence, and failing to make the requisite findings required by R.C. 2929.14(B). This assignment of error is without merit.
 {¶ 13} R.C. 2929.14(B) provides that in imposing a sentence upon a felony offender who has not previously served a prison term, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 14} In the instant case, Zucco had not previously served a prison term. Therefore, the trial court was required to impose the shortest prison term unless it made one of the required findings under R.C. 2929.14(B). Contrary to Zucco's assertion, the trial court did make one of the required statutory findings for departing from the minimum sentence. The court reviewed sentencing guidelines and determined that the shortest prison term would demean the seriousness of the offense, stating as follows:
{¶ 15} "There is, believe it or not, under the sentencingguidelines a presumption of community control sanctions in thiscase. However, I find that you've caused serious physical harm. Ihave considered the seriousness and recidivism factors prior toimposing this sentence.
 {¶ 16} "Mr. Kenny will never have his right hand again. He isright-handed. He will have to learn how to write and do otherthings with his left hand
 {¶ 17} "I find that you show no remorse, Mr. Zucco. The coupletears you've shown today do not strike me as remorse. Again,they're tears for yourself, not for Mr. Kenny.
 {¶ 18} "You left the scene of the accident. You nevercontacted him. You never found out how he was doing in thehospital. You left him to die at the accident.
 {¶ 19} "I find that a prison term is consistent with thepurposes and principles of our sentencing statutes. Thecommunity's justified right to retribution would be defeated bygiving you probation in this case, Mr. Zucco. You are notamenable to a community control sanction.
 {¶ 20} "I find that you have not served a prior prison term.However, a minimum term of incarceration in this case woulddemean the seriousness of the offense. Leaving a man to die whohas lost his hand while bleeding to death on a bridge in theFlats does not deserve probation."
 {¶ 21} (Emphasis added.)
 {¶ 22} Our review of the transcript reflects that the trial court found that the minimum term of incarceration would demean the seriousness of the offense. Although Zucco argues that the trial court did not adequately explain why it was imposing more than the minimum sentence, the record reflects that the trial court clearly set forth its rationale even though it was not required to do so. As explained in State v. Edmonson (1999),86 Ohio St.3d 324, 326, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned * * * before it can lawfully impose more than the minimum authorized sentence."
 {¶ 23} Zucco's first assignment of error is overruled.
 {¶ 24} Zucco's second assignment of error provides:
 {¶ 25} "The trial court erred by imposing maximum, consecutive sentences without setting forth the mandatory findings with supporting reasons as required by R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c), and without following the guidelines of R.C. 2929.12."
 {¶ 26} When imposing a sentence upon a felony offender, a court is required to consider the overriding purposes of felony sentencing. The overriding purposes of felony sentencing, as set forth in R.C. 2929.11(A), are to protect the public from future crime by the offender and others and to punish the offender. Toward that end, the sentencing court is required to consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. Id. R.C. 2929.11(B) further provides that a sentence imposed for a felony offense shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. Additionally, R.C. 2929.12 sets forth factors that a court is to consider in achieving the purposes and principles of sentencing.
 {¶ 27} The record in this case adequately reflects that the trial court considered the overriding purposes of felony sentencing and factors relevant to those purposes. The court specifically indicated that it had considered the purposes and principles of the sentencing statutes. The court considered the seriousness of the offense, the injury suffered by Kenny, Zucco's lack of remorse, and the community's right to retribution. Although the trial court did not make specific findings as to the two overriding purposes of felony sentencing, R.C. 2929.11 does not require a trial court to make findings on the record, but rather it sets forth objectives for sentencing courts to achieve.State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.
 {¶ 28} We next review the trial court's imposition of maximum sentences. In order for a trial court to impose a maximum sentence, it must make the required findings set forth in R.C.2929.14(C), which provides in relevant part: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *." In addition, R.C. 2929.19(B) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error. State v. Edmonson
(1999), 86 Ohio St.3d 324, 329.
 {¶ 29} In deciding to impose the maximum sentence, the trial court found that Zucco had committed the worst form of the offense. The court stated:
{¶ 30} "I find that the longest term is necessary as youcommitted the worst form of the offense of aggravated vehicularassault and failure to stop after an accident.
 {¶ 31} "Aggravated vehicular assault, in your case,recklessness, cost a man a limb. Any more serious loss and Mr.Kenny would not be alive and we'd be dealing with a differentfelony. Your form of aggravated vehicular assault is the mostserious form of the offense. * * * [T]he act you showed infailing to stop after the accident also is the most serious formof the offense. This is not a fender bender where you took offwithout leaving your name. You left, again, a man to die * * *but you still took the time to gather up the pieces of yourbeloved car."
 {¶ 32} Because the trial court found that Zucco had committed the worst form of the offense of aggravated vehicular assault and failure to stop, and provided its reasons for this finding, we find that the trial court did not err in imposing maximum sentences.
 {¶ 33} Along with imposing maximum sentences, the trial court ordered the sentences to run consecutively. R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime."State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 34} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 35} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). Stadmire, supra. Failure to sufficiently state these reasons on the record constitutes reversible error. Id.; State v. Comer,99 Ohio St.3d 463, 467-468, 2003-Ohio-4165.
 {¶ 36} We are cognizant that the record shows the trial court properly considered and weighed a number of very disturbing factors outlining the apparent insensitivity and carnage that occurred in this case. Although the court properly considered these factors in reaching its sentencing decision, we cannot substitute these references for the specific findings required under the statute. In this case, the trial court made only one of the required findings. The court found "that consecutive terms are necessary as the harm done in this case is so great that a single term does not adequately reflect the seriousness of [Zucco's] conduct." The court failed to make any findings with reasons for protecting the public or punishing the offender and for proportionality. Consecutive sentences are reserved for the worst offenses and offenders. State v. Boland,147 Ohio App.3d 151, 162, 2002-Ohio-1163. In the absence of the required findings, the trial court did not engage in an analysis upon which we can find the imposition of consecutive sentences to have been justified.
 {¶ 37} Zucco's second assignment of error is sustained.
 {¶ 38} Sentence vacated and case remanded for resentencing.[1]
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Karpinski, J., concur.
[1] At oral hearing, Zucco raised for the first time the question of whether the trial court's determination that a sum of $250,000 in restitution was proper. Since we are vacating the sentence and remanding the case for resentencing, and since this issue was not raised as an assignment of error, we decline to review it here.