The STATE of Ohio, Appellee,

v.

GOOCH, Appellant.

[Cite as *State v. Gooch,* 162 Ohio App.3d 105, 2005-Ohio-3476.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83516.

Decided July 7, 2005.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Michael D. Horn, Assistant Prosecuting Attorney, for appellee.

Kevin M. Cafrerkey, for appellant.

KARPINSKI, Judge.

{¶ 1} Defendant appeals his convictions in two different cases[1] following his two separate guilty pleas. He also appeals the sentences imposed by the trial court.

{¶ 2} On July 18, 2003, in case No. CR–427245, defendant pleaded guilty to one count of sexual battery[2] and one count of disseminating matter harmful to a

---

1. Case Nos. CR–427245 and CR–438991.

2. A third-degree felony carrying a potential sentencing range of one to five years in prison and a maximum fine of $10,000.

juvenile, to wit: defendant's own daughter.[3] In case No. CR–438991,[4] another plea hearing was held on August 13, 2003. In that hearing, defendant pleaded guilty to one count of trafficking in drugs.[5]

{¶ 3} On August 29, 2003, defendant was sentenced to two years for the sexual battery conviction and a concurrent eight-month term on the dissemination conviction. Defendant received one year on his drug conviction, which was ordered to be served consecutively to the two-year term. Defendant appeals his pleas and sentences in both cases.

{¶ 4} In his first assignment of error, he states:

I. The trial court failed to comply with the mandates of Crim.R. 11.

**Right to Counsel**

■ {¶ 5} Defendant appeals his guilty plea in case No. CR–438991, which he says was not knowingly made and therefore did not satisfy Crim.R. 11(C) because the court did not tell him he was entitled to appointed counsel if he went to trial. Specifically, defendant argues that Crim.R. 11(C)(2)(c) requires that he be advised of his right to counsel. Defendant is mistaken.

{¶ 6} Crim.R. 11(C)(2)(c) requires that defendants be advised of only the following: (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. In 1981, to this list of constitutional rights that need to be explained, the Ohio Supreme Court added compulsory process of witnesses. *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115.[6] The right to counsel is not among the constitutional rights that need to be explained under this particular section of Crim.R. 11.

{¶ 7} Rather, it is Crim.R. 11(C)(1) that specifies the right to be represented by retained or appointed counsel and the requirement that the court not accept a guilty plea without first informing defendant of this right. Crim.R. 11(C) states:

(1) *Where in a felony case the defendant is unrepresented* by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after

---

3. A fifth-degree felony carrying a prison term of six to 12 months and a maximum fine of $2,500.

4. This case arose while defendant was awaiting sentencing on the sexual-battery case.

5. A fourth-degree felony punishable by six to 18 months' incarceration, a maximum fine of $5,000, and a mandatory driver's license suspension of six months to five years.

6. The hearing transcripts show that the trial court engaged in a meaningful dialogue with defendant and fully advised him of each of the constitutional rights required under both Crim.R. 11(C)(2)(c) and *Ballard* that he would be waiving by entering a guilty plea.

being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

(a) Determining that he is making the plea voluntarily, with the understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.

(Emphasis added.)

■ {¶ 8} This rule expressly adds the following condition: "Where in a felony case the defendant is unrepresented by counsel." In other words, the court is not obliged to advise defendant of his right to retained or appointed counsel if the defendant already has counsel. *State v. Wood* (Sept. 19, 1996), Cuyahoga App. No. 70150, 1996 WL 532074.

{¶ 9} In the case at bar, the court's docket indicates that defendant is indigent and that defendant had counsel throughout both cases. Therefore, the applicable requirements of Crim.R. 11 were satisfied. Accordingly, we reject defendant's argument that his plea was defective because he was not informed of his right to appointed counsel.

**Right to Be Informed of Maximum Penalty**

■ {¶ 10} Next, defendant argues that in his second case, case No. CR–438991, the trial court did not substantially comply with Crim.R. 11 because it failed to inform him of the maximum penalty involved. In case No. CR–438991, defendant was sentenced to 12 months. That sentence was to run consecutively to the two-year prison term defendant previously received in case No. CR–427245. According to defendant, had he been told that his sentence in case No. CR–438991 could be run consecutively to the terms he received in case No. CR–427245, he would not have pleaded guilty. We reject defendant's interpretation of the rule.

■ {¶ 11} Even though Crim.R. 11(C)(2)(a) requires that a defendant be informed of the maximum penalty involved, the rule does not require the court to

discuss the possibility of consecutive sentences. In *State v. Johnson* (1988), 40 Ohio St.3d 130, 532 N.E.2d 1295, the Ohio Supreme Court explained:

> [N]either the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences he faces, or that the sentence could be imposed consecutively. Therefore, even though the trial court here did not specifically state that such sentences could run consecutively, but did explain the maximum sentences possible, there was no deprivation of appellee's constitutional rights.

Id. at 133, 532 N.E.2d 1295.

{¶ 12} The Supreme Court further found no violation of Crim.R. 11(C). The court explained:

> Upon its face the rule speaks in the singular. The term "the charge" indicates a single and individual criminal charge. So, too, does "the plea" refer to "a plea" which the court "shall not accept" until the dictates of the rule have been observed. Consequently, the term "the maximum penalty" which is required to be explained is also to be understood as referring to a single penalty. In the context of "the plea" to "the charge," the reasonable interpretation of the text is that "the maximum penalty" is for the single crime for which "the plea" is offered. It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding.

Id.

{¶ 13} Following *Johnson*, we conclude that the court complied with Crim.R. 11.

{¶ 14} In his dissent, Justice Wright observed that "the 'maximum penalty involved' is as the court of appeals stated the most coercive and compelling deterrent in the entire plea process." *Johnson*, 40 Ohio St.3d at 135–136, 532 N.E.2d 1295.

{¶ 15} In a separate concurrence, Justice Brown explained:

> [T]he preferred practice would be for the trial judge to inform a defendant that sentences may be imposed consecutively before accepting a guilty plea to multiple offenses. Further, I believe the trial judge should tell the defendant what the maximum possible punishment for all offenses may be and not leave that mathematical computation to the defendant. Id. at 135, 532 N.E.2d 1295.

{¶ 16} Specifying the total number of years to be served under consecutive sentences has an obvious advantage: both victims and defendants leave the

courtroom certain of the sentence to be served. But this explanation is not required either under the Ohio or United States Constitution or the rule.

{¶ 17} Accordingly, assignment of error one is overruled.

## II. The trial court abused its discretion in imposing consecutive sentences on defendant-appellant.

{¶ 18} Defendant argues that the trial court erred by not making the required findings before imposing consecutive prison terms. We agree.

{¶ 19} Consecutive sentences are governed by R.C. 2929.14(E)(4), which, as summarized in *State v. Fair*, provides:

The court must find that consecutive sentences are: (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the defendant's conduct; and (3) not disproportionate to the danger the defendant poses to the public. In addition to these three findings, the trial court must also find one of the following: (1) the defendant committed the offenses while awaiting trial or sentencing on another charge; (2) the harm caused was so great that no single sentence would suffice to reflect the seriousness of defendant's conduct; or (3) the defendant's criminal history is so egregious that consecutive sentences are needed to protect the public. R.C. 2929.14(E)(4)(a)-(c).

*State v. Fair*, Cuyahoga App. No. 82278, 2004-Ohio-2971, 2004 WL 1277153, ¶ 35, stay granted by *State v. Fair*, 103 Ohio St.3d 1425, 2004-Ohio-4524, 814 N.E.2d 489, appeal granted by *State v. Fair*, 103 Ohio St.3d 1491, 2004-Ohio-5605, 816 N.E.2d 1079.

{¶ 20} Recently this court stated:

[A] trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error. Citations omitted.

*State v. Zucco*, Cuyahoga App. No. 83602, 2004-Ohio-4095, 2004 WL 1753140, at ¶ 35, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473; *State v. Stadmire*, Cuyahoga App. No. 81188, 2003-Ohio-873, 2003 WL 549912.

{¶ 21} What follows is the entire statement the trial court made in support of its order of consecutive sentences:

And let me further indicate the reason for the consecutive terms is that it's necessary to adequately protect the public and punish the offender, consecutive terms are not disproportionate to the seriousness of the conduct and not disproportionate to the danger posed to the community, another crime was committed while awaiting sentencing and sanctions, and that the harm is so

great or unusual that a single term would not adequately reflect the seriousness of his conduct.

Finally, a criminal history shows that consecutive terms is needed to punish the offender. No prior sexual crimes. He did have a whole series of offenses; kidnapping, assault, grand theft, domestic violence over a long period of time that shows although he has been punished previously he continues his course of criminal activity. And further, while awaiting sentence on the Case No. 427245 he engages in conduct that is illegal and of a very serious nature, a Fourth Degree drug offense, and obviously this gentleman does not understand what's appropriate under the circumstances while awaiting sentencing in a case which you already pled guilty to.

{¶ 22} The above discussion is all that the court provided to satisfy the statutory findings and reasons. Although the trial court enunciated the required finding that "consecutive terms are not disproportionate to the seriousness of the conduct," nowhere does the court give its reasons for this specific finding. In fact, *there is no discussion whatsoever in this section of the crime itself, much less of its seriousness. Every detail cited refers to other crimes.*

{¶ 23} From this record, we conclude that the trial court did not satisfy all the statutory requirements for imposing a consecutive sentence.

■ {¶ 24} Finally, even though defendant does not argue that his consecutive sentence violates the United States Supreme Court's decision in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, we sua sponte address the issue because *Blakely* was decided on June 24, 2004, one day after the oral argument in this case.

{¶ 25} This court has previously held that *Blakely* does not apply to consecutive sentences. *State v. Lett* (2005), 161 Ohio App.3d 274, 2005-Ohio-2665, 829 N.E.2d 1281. In *Lett*, this court, sitting en banc,[7] held that R.C. 2929.14(E), which governs the imposition of consecutive sentences, does not implicate the Sixth Amendment as construed in *Blakely*.

{¶ 26} For the foregoing reasons, defendant's Assignment of Error II is sustained, and this matter is remanded for resentencing and proceedings consistent with this opinion.

Judgment accordingly.

SWEENEY, P.J., concurs.

GALLAGHER, J., concurs in part and dissents in part.

---

7. I separately note, however, that because I believe the en banc procedure this court used in *Lett* is unconstitutional and dissented for that reason, as well as on the merits, I reluctantly follow this court's decision while I await a ruling from the Ohio Supreme Court on this issue.

SEAN C. GALLAGHER, Judge, concurring in part and dissenting in part.

{¶ 27} I concur in judgment only as to the first assignment of error, and I dissent as to the second assignment of error. I would find that the trial court stated sufficient reasons to order consecutive sentences pursuant to R.C. 2929.14(E)(4).