JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, John Gooch ("Gooch"), appeals the sentence imposed by the trial court at his resentencing. Finding some merit to the appeal, we reverse and remand the case for resentencing.
 {¶ 2} In July 2003, Gooch pled guilty to sexual battery and disseminating matter harmful to a juvenile. In August 2003, he pled guilty to trafficking in drugs. He was sentenced to two years for the sexual battery charge and a concurrent eight-month term on the dissemination charge. He also received twelve months on his drug conviction, to be served consecutive to the two-year term.
 {¶ 3} Gooch appealed his guilty plea and sentence. We affirmed his conviction but remanded the case to the trial court for resentencing because the trial court had not made the appropriate findings to impose consecutive sentences. State v.Gooch, 162 Ohio App.3d 105, 2005-Ohio-3476, 832 N.E.2d 821. Although not raised by either party on his first appeal, we sua sponte reviewed whether the consecutive sentence violated the U.S. Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531. Gooch, supra. Based on our decision in State v. Lett, 161 Ohio App.3d 274,2005-Ohio-2665, 829 N.E.2d 1281, we determined that R.C.2929.14(E), which governs the imposition of consecutive sentences, did not implicate the Sixth Amendment as construed inBlakely.[1]
 {¶ 4} Upon remand, the trial court sentenced Gooch to twelve months on his drug conviction to be served consecutive to the two years he had already served for his sex offenses. Although the journal entry indicates that Gooch was sentenced to twelve months, the transcript reveals that the lower court never informed Gooch of his specific sentence.[2]
 {¶ 5} Gooch again appeals his sentence, raising one assignment of error, in which he argues that the trial court erred when it resentenced him to a consecutive term of incarceration.
 {¶ 6} Although the transcript is silent as to the actual sentence imposed, Gooch and the State both contend that the trial court imposed a sentence of twelve months to run consecutive to the two-year sentence he had already served pursuant to the provisions of R.C. 2929.14(E)(4). The Ohio Supreme Court has recently declared that statute unconstitutional and excised it from the statutory scheme. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, applying United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 7} In Foster, supra at ¶¶ 61, 64, and 67, the Ohio Supreme Court held that judicial factfinding to overcome the minimum sentence or to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely. The Foster
court also severed and excised, among other statutory provisions, R.C. 2929.14(E)(4), because imposing the maximum or a consecutive sentence requires judicial factfinding. Id. at ¶¶ 97 and 99. "After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant." Foster, supra at ¶ 99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster, supra at paragraph seven of the syllabus and State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 8} Although the court made the appropriate findings as then required by R.C. 2929.14(E)(4), the court relied on a severed, excised, and unconstitutional statute in imposing Gooch's sentence. Therefore, Gooch's sentence must be vacated and the matter remanded to the trial court for resentencing in accordance with Foster. See Foster, supra at ¶ 103. Thus, the sole assignment of error is sustained.[3]
 {¶ 9} Accordingly, we vacate Gooch's sentence, and remand this matter for resentencing on the drug conviction.
It is, therefore, ordered that said appellant recover of said appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, J. and Patricia Ann Blackmon, J. concur.
[1] Our decision in Lett was overruled by In re Ohio Crim.Sentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, _88.
[2] Neither party raises this issue for our review. However, the instant appeal involves only the twelve-month sentence on the drug offense.
[3] We also note that the trial court failed to advise Gooch of post-release control. "When a trial court fails to notify an offender about post-release control at the sentencing hearing * * * it fails to comply with the mandatory provisions of R.C.2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, 817 N.E.2d 864.