JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Tierre Clay ("Clay"), appeals his guilty pleas and sentences. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Clay was charged with drug trafficking and trafficking in counterfeit controlled substances. In 2006, he was charged with carrying a concealed weapon and having a weapon while under disability. A few months later, he was charged with two counts of receiving stolen property.
 {¶ 3} In May 2006, Clay pled guilty to amended indictments in all three cases. In the first case, he pled guilty to drug trafficking. In the second case, he pled guilty to attempted receiving stolen property. In the final case, he pled guilty to having a weapon while under disability. At the sentencing hearing, the trial court imposed consecutive sentences of one year incarceration for drug trafficking, one year in prison for attempted receiving stolen property, and five years in prison for having a weapon while under disability, for a total sentence of seven years in prison.
 {¶ 4} Clay now appeals his guilty pleas and sentences, raising two assignments of error for our review.
 {¶ 5} In the first assignment of error, Clay argues that the trial court erred in imposing consecutive sentences. He asserts that the trial court's imposition of these sentences violated the purposes and principles of the sentencing guidelines. He argues that his conduct did not support the imposition of a seven-year prison sentence and that the trial court acted improperly when it imposed such a lengthy *Page 4 
sentence. Clay maintains that the trial court failed to consider R.C.2929.11 and 2929.12 when imposing consecutive sentences.
 Sentencing Guidelines {¶ 6} In 2006, the Ohio Supreme Court eliminated prior sentencing requirements, finding that courts have full discretion to impose any sentence authorized by law that is in accordance with the stated purposes and principles of felony sentencing. State v. Foster,109 Ohio St. 3d 1, 845 N.E.2d 470, 2006-Ohio-856. In Foster, the Court found thatApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435 and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, apply to Ohio's sentencing statutes. By so holding, the Court found certain sentencing statutes were unconstitutional because they required judicial fact-finding before imposition of a more severe sentence.
 {¶ 7} Because Foster eliminated the requirement for sentencing courts to make certain findings or state reasons for imposing more than the minimum, maximum, or consecutive sentences, courts now have full discretion to sentence a defendant within the statutory range and without stating any findings. See State v. Williams, Cuyahoga App. No. 87320, 2006-Ohio-4768. The overriding goals of Ohio's sentencing scheme remain. Those goals are to protect the public and to punish the offender. See Foster at ¶¶ 86 and 98. Ohio law still requires trial courts to examine the defendant's conduct in light of several factors before sentencing. In exercising its discretion, the sentencing court must still carefully consider the *Page 5 
statutes that apply to every felony case, including R.C. 2929.11 and2929.12, and the statutes that are specific to the case itself.State v. Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855, 846 N.E.2d 1.
 {¶ 8} Clay argues that the trial court violated R.C. 2929.11, which states, in pertinent part:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 (C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 9} R.C. 2929.12(A) grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." In exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. Id. These statutory sections provide a nonexclusive list for the court to consider. Mathis at ¶ 37. It is important to note that there is no mandate for judicial fact-finding in these general guidance statutes. *Page 6 Foster at ¶ 42. A sentencing court is required merely to "consider" the statutory factors. Id.
 Clay's Sentence {¶ 10} Therefore, post-Foster, R.C. 2929.11 and 2929.12 remain in effect and we review challenges made under these statutes under a de novo standard. Mathis; State v. Tish, Cuyahoga App. No. 88247,2007-Ohio-1836; State v. Goins, Cuyahoga App. No. 89232, 2007-Ohio-6310. We note that there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discuss them.Goins, citing State v. Goggans, Delaware App. No. 2006-CA-07-0051,2007-Ohio-1433. The court need not proffer its reasoning for the imposed sentence where the record sufficiently warrants such a sentence. Accordingly, we will uphold a sentence on appeal unless we find the record does not clearly and convincingly support the sentence or the sentence is contrary to law. Id.; R.C. 2953.08(G)(2).
 {¶ 11} In the instant case, a review of the transcript of the sentencing hearing shows that the trial court considered the required relevant factors and complied with the overriding principles of felony sentencing. In announcing Clay's sentence, the trial court noted that Clay had tested positive for drugs since his plea hearing, had a lengthy criminal record, and needed to be sent away "for a long time" in order to protect the public. The court specifically stated that it considered the sentencing and recidivism factors and the principles and purposes of felony sentencing. *Page 7 
 {¶ 12} We find that the trial court followed the mandates of R.C.2929.12 and appropriately considered the circumstances of the case in light of the overriding purposes of felony sentencing. The trial court has significant discretion in determining what weight, if any, it assigns to the statutory seriousness and recidivism factors and any other relevant evidence. State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302, 724 N.E.2d 793. We find the trial court's imposition of consecutive sentences to be guided by the overriding purposes of felony sentencing, to protect the public from future crime and to punish the offender. R.C. 2929.11. Based on the transcript of the sentencing hearing and the presentence investigation report, we find Clay's sentences supported by the record and not contrary to the law.
 {¶ 13} Therefore, the first assignment of error is overruled.
 Crim. R. 11 {¶ 14} In his second assignment of error, Clay argues that his plea was not knowingly, intelligently, and voluntarily made when he was not fully informed of the consequences of his guilty plea. He claims that his plea should be vacated because the trial court did not inform him that he was facing the possibility of consecutive sentences.
 {¶ 15} A guilty plea waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea. State v. Spates, 64 Ohio St.3d 269,272-273, 1992-Ohio-130, 595 N.E.2d 351. A guilty plea will be considered knowing, intelligent, and voluntary if, before *Page 8 
accepting the plea, the trial court, at the very least, substantially complied with the procedures set forth in Crim.R. 11. State v. Nero
(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 16} Crim.R. 11(C)(2) provides,
 "In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 17} In the instant case, Clay entered into a plea bargain in which he agreed to plead guilty to reduced charges in three separate cases. Prior to accepting Clay's guilty pleas, the trial court explained to him that by entering a guilty plea he was admitting guilt and that he would be waiving his right to a trial by jury, the right to confront witnesses, the right to compulsory process of witnesses, the right to be *Page 9 
proven guilty beyond a reasonable doubt, and the right against self-incrimination. The trial court also fully apprised Clay of the nature of the offenses, the range of the minimum and maximum penalties and the fines provided for each offense, the possibility of the imposition of post-release control, and the potential consequences for a violation of post-release control. The trial court also inquired whether Clay had been threatened or promised anything in exchange for his plea, other than the dismissal or reduction of various counts in the indictment. Clay indicated that he understood, and he never raised any issue regarding his plea or questioned the potential sentences.
 {¶ 18} Although Clay argues that his guilty plea was not made knowingly, intelligently, and voluntarily because the trial court failed to inform him of the possibility of consecutive sentences, this court has consistently followed the Ohio Supreme Court's decision in State v.Johnson (1988), 40 Ohio St.3d 130, 532 N.E.2d 1295, holding that the "failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." Id. at syllabus. See, State v. Gooch, 162 Ohio App.3d 105, 2005-Ohio-3476,832 N.E.2d 821; State v. Jackson, Cuyahoga App. No. 86506, 2006-Ohio-3165;State v. Kerin, Cuyahoga App. No. 85153, 2005-Ohio-4117; State v.McGee, Cuyahoga App. No. 77493, 2001-Ohio-4238. In Johnson, the Court reasoned that the language in Crim.R. 11(C) refers to the *Page 10 
maximum penalty for each individual charge to which the defendant is pleading, not to the cumulative total of all sentences received for all charges. Id. at 133.
 {¶ 19} We find that the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11 and strictly complied with the constitutional mandates of the rule. Thus, Clay's plea was made knowingly, intelligently, and voluntarily. Further, we find that the trial court's failure to advise Clay of the possibility of consecutive sentences does not render his plea invalid. The second assignment of error is overruled.
Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
 MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR *Page 1