[Cite as *State v. Cramer*, 2023-Ohio-308.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                    No. 111509

    v.                              :

ROBERT CRAMER,                          :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 2, 2023

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-20-655392-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, *for appellee.*

Jonathan N. Garver, *for appellant.*

ANITA LASTER MAYS, A.J.:

{¶ 1} Defendant-appellant, Robert Cramer ("Cramer"), appeals from the trial court's sentencing following his guilty plea. Cramer's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), seeking leave to withdraw as counsel. Following a review of the record, we grant counsel's motion to withdraw and dismiss the appeal.

{¶ 2} On December 23, 2020, Cramer was charged with one count of aggravated murder, an unclassified felony, in violation of R.C. 2903.01(A); one count of felony murder, an unclassified felony, in violation of R.C. 2903.02(B); one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1); and two counts of having a weapon while under a disability, third-degree felonies, in violation of R.C. 2923.13(A)(2) and 2923.13(A)(3). One- and three-year firearm specifications were added to the murder and felonious assault counts.

{¶ 3} On June 21, 2021, Cramer pleaded guilty to an amended aggravated murder count that deleted the one-year firearm specification, but kept the three-year firearm specification. He also pleaded guilty to having a weapon while under a disability. The remaining counts and specifications were nolled. The trial court sentenced Cramer to life with parole eligibility after 23 years' imprisonment, including a 9-month concurrent sentence on the having a weapon while under a disability counts, but credited for time served.

## I. Facts and Procedural History

{¶ 4} On December 14, 2020, Cramer was captured on video surveillance exiting his vehicle and approaching Donntelle Reed ("Reed") as he sat in his vehicle. Cramer, while engaged in a conversation with Reed, pulled a gun from his waist, and shot Reed several times. The state and Cramer's counsel agreed on a plea agreement

that included an agreed sentence of 20 years to life plus the gun specification. Cramer pleaded guilty to an amended indictment, and at the plea hearing, the trial court explained Cramer's rights in accordance with Crim.R. 11(C). Cramer responded that he understood the nature of the proceedings, the plea agreement, and indicated that he was satisfied with his counsel's representation.

{¶ 5} After ensuring that Cramer understood his constitutional rights and the effects of his guilty plea, the trial court found that his plea was made knowingly, intelligently, and voluntarily. Both the state and Cramer's counsel indicated that the trial court complied with Crim.R. 11.

{¶ 6} At sentencing, Cramer's trial counsel explained that Cramer blamed Reed for Cramer's father's death, Cramer was under the influence of alcohol at the time of the murder, and that Cramer took full responsibility for his actions. Cramer also apologized to the family, and the trial court described the apology as "more than heartfelt." (Tr. 25.) Cramer's counsel requested that the trial court impose the recommended sentence.

{¶ 7} The trial court imposed the recommended sentence and sentenced Cramer to 20 years imprisonment to life for aggravated murder, three years for the gun specification to be served prior to aggravated murder, and nine months for having a weapon while under a disability. The trial court ran the nine-month sentence concurrently for an aggregate sentence of life with parole eligibility after 23 years' imprisonment.

{¶ 8} On May 25, 2022, Cramer filed pro se motions for a delayed appeal, preparation of the transcript, and for the appointment of counsel. This court granted Cramer's motions and appointed counsel to represent him. Based on the belief that no prejudicial error occurred below and that any grounds for appeal would be frivolous, Cramer's appointed counsel filed a motion to withdraw pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Cramer had an opportunity to file his own merit brief but did not file a brief.

## II. *Anders*

{¶ 9} In *Anders*, the United States Supreme Court outlined a procedure for counsel to withdraw due to the lack of any meritorious grounds for appeal. Specifically, if after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id*. at 744. Counsel's request, however, must be accompanied by a brief that references anything in the record that could arguably support the appeal. *Id*. Counsel must also furnish his or her client with a copy of the brief, and the court must provide the defendant sufficient time to file his or her own pro se brief. *Id*.

{¶ 10} Once these requirements are satisfied, the appellate court must complete an independent examination of the trial court proceedings to determine whether the appeal is "wholly frivolous." *Id*. If the court's independent review demonstrates that a possible issue exists, the court must discharge current counsel

and appoint new counsel to prosecute the appeal. *Id.* On the other hand, if the court determines the appeal is wholly frivolous, the appellate court will grant the motion to withdraw and dismiss the appeal. *Id.*

{¶ 11} "Here, we must consider whether to grant counsel's request to withdraw because any appeal would be wholly frivolous." *Id.* at ¶ 10. Although Cramer's appointed counsel reviewed the record and concluded that no meritorious arguments can be made on Cramer's behalf, counsel presents six potential errors:

1. The trial court violated Crim.R. 11(C) and denied appellant due process of law and his right to counsel by failing to inform appellant of his right to counsel before accepting his guilty pleas;

2. The trial court violated Crim.R. 11(C) and denied appellant due process of law by failing to inform appellant of his right to a bench trial;

3. The trial court violated Crim.R. 11(C)(3) and denied appellant due process of law by failing to require appellant to plead separately to the charge and the specification;

4. The trial court abused its discretion by denying appellant's request for a referral to the Psychiatric Clinic for a mitigation of punishment report;

5. The trial court violated Crim.R. 11(C)(2)(a) and denied appellant due process of law by failing to determine that he understood the nature of the charges involved; and

6. The trial court violated Crim.R. 11(C)(2)(a) and denied appellant due process of law by failing to inform appellant of the maximum penalty involved.

{¶ 12} We will address the potential assignments of error one, two, three, five, and six first, and then address potential assignment of error four last.

## III. Crim.R. 11

{¶ 13} "The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Poage*, 8th Dist. Cuyahoga No. 110577, 2022-Ohio-467, ¶ 9, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "'The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *Id.*, quoting *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 14} "In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)." *Poage* at ¶ 10, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.
>
> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest

without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

(3) With respect to aggravated murder committed on and after January 1, 1974, the defendant shall plead separately to the charge and to each specification, if any. A plea of guilty or no contest to the charge waives the defendant's right to a jury trial, and before accepting a plea of guilty or no contest the court shall so advise the defendant and determine that the defendant understands the consequences of the plea.

If the indictment contains no specification, and a plea of guilty or no contest to the charge is accepted, the court shall impose the sentence provided by law.

If the indictment contains one or more specifications, and a plea of guilty or no contest to the charge is accepted, the court may dismiss the specifications and impose sentence accordingly, in the interests of justice.

If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall:[1] (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

{¶ 15} "When a trial court fails to explain the constitutional rights outlined in Crim.R. 11 that a defendant waives by pleading guilty, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Poage* at ¶ 11, citing *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14.

### A. The trial court violated Crim.R. 11(C) and denied appellant due process of law and his right to counsel by failing to inform appellant of his right to counsel before accepting his guilty pleas.

{¶ 16} At the plea hearing, the trial court failed to advise Cramer of his right to counsel. Crim.R. 11(C)(1) states that

[w]here in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

---

[1] A three-judge panel is required when the defendant is pleading guilty to aggravated murder, a crime punishable by death, and capital punishment is a possibility. However, in this instant case, the trial court agreed to the agreed-upon sentence and not a death sentence. *See State v. Kelley*, 8th Dist. Cuyahoga No. 87324, 2006-Ohio-5432, ¶ 18-20.

However, Cramer was represented by counsel, so the trial court was under no obligation to advise Cramer that he had a right to counsel. *See State v. Gooch*, 162 Ohio App.3d 105, 2005-Ohio-3476, 832 N.E.2d 821, ¶ 8 (8th Dist.) ("[T]he court is not obliged to advise defendant of his right to retained or appointed counsel if the defendant already has counsel."); *State v. Block*, 8th Dist. Cuyahoga Nos. 91417 and 91418, 2009-Ohio-2713, ¶ 9.

{¶ 17} This potential assignment of error has no merit.

**B.    The trial court violated Crim.R. 11(C) and denied appellant due process of law by failing to inform appellant of his right to a bench trial.**

{¶ 18} At the plea hearing, the trial court advised Cramer of his right to a jury trial, but not his right to a bench trial. (Tr. 8.) "The right to trial by jury is guaranteed by the Sixth Amendment to the Constitution of the United States, and it is one of the five constitutional trial rights a criminal defendant must be advised of." *State v. Lewis*, 8th Dist. Cuyahoga No. 107552, 2019-Ohio-1994, ¶ 12, citing *Ballard*, 66 Ohio St.2d at 479, 423 N.E.2d 115. "A defendant's option to be tried without a jury, although provided in R.C. 2945.05, is not a constitutional right, neither is it mentioned anywhere in Crim.R. 11(C)." *Id.*

{¶ 19} "For over 30 years, this court has also consistently rejected the claim that the trial court is required to inform defendants of the option of a bench trial in order for a guilty plea to be valid." *Id.* at ¶ 13, citing *State v. Timmons*, 8th Dist.

Cuyahoga No. 105940, 2018-Ohio-2837; *State v. Steele*, 8th Dist. Cuyahoga No. 85901, 2005-Ohio-5541; *State v. Jackson*, 8th Dist. Cuyahoga No. 80257, 2002-Ohio-4189, ¶ 15; *State v. Cannon*, 8th Dist. Cuyahoga No. 67952, 1995 Ohio App. LEXIS 4858 (Nov. 2, 1995); and *State v. Luster*, 8th Dist. Cuyahoga No. 49248, 1985 Ohio App. LEXIS 8120 (June 20, 1985).

{¶ 20} This potential assignment of error has no merit.

**C. The trial court violated Crim.R. 11(C)(3) and denied appellant due process of law by failing to require appellant to plead separately to the charge and the specification.**

{¶ 21} At the plea hearing, the trial court did not require Cramer to plead separately to the charges and the specifications. Crim.R. 11(C)(3) states, in part: "With respect to aggravated murder committed on and after January 1, 1974, the defendant shall plead separately to the charge and to each specification, if any."

{¶ 22} During the plea hearing, the trial court stated:

Court: Okay. Penalty wise, you'll be pleading guilty to aggravated murder *and* a 3-year firearm specification in Count 1. The 1-year firearm specification I understand is going to be dismissed. That is an unclassified felony. You will have to serve a mandatory 3 years of incarceration on the firearm specification. That will be served prior to and consecutive with the 20-year-to-life sentence on the base count of aggravated murder. You will serve a minimum mandatory sentence of 23 years and then it will be up to the Parole Board to decide whether you should get parole after your 23rd year. Do you understand those penalties?

Cramer: Yes, Your honor.

(Emphasis added.) (Tr. 9-10.)

{¶ 23} We find that the trial court substantially complied with Crim.R. 11(C)(3). *See State v. Gurley*, 8th Dist. Cuyahoga No. 70586, 1997 Ohio App. LEXIS 2414 (June 5, 1997). "The test is whether the plea would otherwise have been made." *Id.*, citing *State v. Thrower*, 62 Ohio App. 3d 359, 383, 575 N.E.2d 863 (1989). The sentence was agreed upon between the state and Cramer. The record does not reflect that Cramer would not have otherwise made his guilty plea. *See also State ex rel. Henry v. McMonagle,* 87 Ohio St.3d 543, 545, 721 N.E.2d 1051 (2000) (noting that the three-judge requirement in R.C. 2945.06 and Crim.R. 11(C)(3) only applies when a defendant is charged with an offense that is punishable by death and, therefore, neither requires a three-judge panel accept a guilty plea if the death penalty is no longer a possible sentence).

{¶ 24} This potential assignment of error has no merit.

**D.**   **The trial court violated Crim.R. 11(C)(2)(a) and denied appellant due process of law by failing to determine that he understood the nature of the charges involved. The trial court violated Crim.R. 11(C)(2)(a) and denied appellant due process of law by failing to inform appellant of the maximum penalty involved.**

{¶ 25} We will address potential assignments of error five and six together.

{¶ 26} Crim.R. 11(C)(2)(a) states:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 27} The trial court reviewed Cramer's understanding of the charges and the penalties involved. The state and Cramer made a plea deal, and the trial court ensured that Cramer understood the terms of the deal. The trial court stated:

Court:    Okay. Penalty wise, you'll be pleading guilty to aggravated murder and a 3-year firearm specification in Count 1. The 1-year firearm specification I understand is going to be dismissed. That is an unclassified felony. You will have to serve a mandatory 3 years of incarceration on the firearm specification. That will be served prior to and consecutive with the 20-year-to-life sentence on the base count of aggravated murder. You will serve a minimum mandatory sentence of 23 years and then it will be up to the Parole Board to decide whether you should get parole after your 23rd year. Do you understand those penalties?

Cramer:  Yes, Your honor.

(Tr. 9-10.)

{¶ 28} The trial court then stated:

And then in Count 4 you will be pleading guilty to having a weapon under disability. That carries with it a separate potential prison term of between 9 and 36 months and a fine of up to $10,000. Do you understand those possible penalties for Count 4?

* * *

Okay. Following your release on Count 4, you will be subject to a potential 3-year period of post-release control. I guess it would run concurrently to the term of your parole if released on Count 1. If you violate the terms of your post-release control, the Parole Board can

sanction you with additional prison sanctions of up to one-half of the Court's originally entered sentence.

If you commit a felony while on post-release control, you can be ordered to serve the greater of 1 year or the remaining time period left on your 3-year period of post-release control. Do you understand that?

* * *

That being said, the Court doesn't find any reason to not go along with the recommendations made by the State and your counsel in regards to sentencing.

(Tr. 11-12.)

{¶ 29} Cramer indicated that he understood the charges, the penalties, and postrelease control conditions. If the trial court failed to advise Cramer, it would be a violation of a nonconstitutional right. "When the appellant raises a violation of a nonconstitutional right found in Crim.R. 11(C)(2)(a) and (b), however, we look for substantial compliance." *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 23, citing *State v. Joachim*, 8th Dist. Cuyahoga No. 90616, 2008-Ohio-4876. """Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld.""" *Id.*, quoting *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 30} Per the Supreme Court,

[t]he questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17.

{¶ 31} However, we find that the trial court fully complied with Crim.R. 11(C)(2)(a). These potential assignments of error have no merit.

## IV.    Denial of Request for a Referral to the Psychiatric Clinic

{¶ 32} At the beginning of the plea hearing, Cramer's counsel stated to the trial court:

If the Court does in fact accept the plea, we reserve a motion to make further mitigation to the Court with respect to a Presentence Report and a Mitigation of Penalty Report to make it part of the record at this point in time to go to the institution. Thank you, Your Honor.

(Tr. 6.)

{¶ 33} The trial court asked for further clarification, and Cramer's counsel stated:

And then a Mitigation of Penalty Report for the purposes of the situation, Your Honor. In my conversations, alcohol played a very significant role in this case and we want to have a full record of all the mitigation that we can at this point in time to go to the institution with Robert. Thank you.

*Id.*

{¶ 34} After the trial court took Cramer's guilty plea, it stated: "I'm not sure we need to burden the psych department with a mitigation report. The Court is

certainly willing to read any kind of sentencing memorandum that you would like to put together." (Tr. 13.) "'Psychological reports in support of mitigation of sentence are discretionary with the trial court under R.C. 2947.06.'" *State v. Pinkney*, 8th Dist. Cuyahoga No. 91861, 2010-Ohio-237, ¶ 21, quoting *State v. Peeples*, 8th Dist. Cuyahoga No. 54708, 1988 Ohio App. LEXIS 5294 (Dec. 22, 1998). "'It is within the court's sound discretion to determine whether additional expert services 'are reasonably necessary for the proper representation of a defendant' at the sentencing hearing.'" *Id.*, quoting *State v. Esparza*, 39 Ohio St.3d 8, 529 N.E.2d 192 (1988). *See also State v. Gunnels*, 8th Dist. Cuyahoga No. 107351, 2019-Ohio-2822, ¶ 12 ("R.C. 2947.06 grants a trial court discretion to order a psychological report in support of sentence mitigation.").

{¶ 35} The record does not indicate that the trial court abused its discretion by denying a psychological report. The trial court imposed the sentence that was recommended by the state and Cramer. Thus, Cramer was not prejudiced by the trial court's decision.

{¶ 36} This potential assignment of error has no merit.

{¶ 37} The record reflects that Cramer's guilty plea was made knowingly, intelligently, and voluntarily, and that the trial court complied with Crim.R. 11. We agreed with appointed counsel that any error raised on appeal would be wholly frivolous. Thus, pursuant to *Anders*, counsel's request to withdraw is granted, and the appeal is dismissed.

**{¶ 38}** Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR