[Cite as *State v. Jalloh*, 2014-Ohio-2730.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

     Plaintiff-Appellee,               :

                                No. 13AP-411
v.                                         :       (C.P.C. No. 06CR-3619)

Mohamed B. Jalloh,                         :       (REGULAR CALENDAR)

     Defendant-Appellant.              :

D E C I S I O N

Rendered on June 24, 2014

*Ron O'Brien,* Prosecuting Attorney, and *Valerie Swanson,* for appellee.

*Mohamed B. Jalloh,* pro se.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, Mohamed B. Jalloh, appeals from a judgment of the Franklin County Court of Common Pleas, denying his motion to vacate and release from post-release control and sanctions imposed ("motion to vacate"). Because defendant has failed to demonstrate that the trial court failed to properly advise him of the consequences of violating post-release control, defendant's claims are barred by res judicata, and we affirm the judgment of the trial court.

{¶ 2} On May 11, 2006, the state indicted defendant on a multi-count indictment, including charges for aggravated burglary, aggravated robbery, robbery, and kidnapping. On March 30, 2007, defendant, while represented by counsel, entered a plea of guilty to the aggravated robbery charge, a felony of the first degree, and the court entered a nolle prosequi as to the other charges in the indictment. The court filed its

judgment entry imposing sentence on May 30, 2007. The court sentenced defendant to a four-year term of imprisonment. Defendant did not appeal his conviction.

{¶ 3} On December 19, 2012, defendant, appearing pro se, filed his Motion to Vacate. Defendant asserted that his sentence should be vacated because the court "never advised of the consequences for violating Post-Release Control." (Motion to Vacate, 2.) Defendant also asserted that the trial court failed to advise defendant of his "limited right to appeal a maximum sentence or procedural issues regarding this plea." (Motion to Vacate, 2.) The state filed a memorandum contra defendant's motion to vacate on December 31, 2012.

{¶ 4} On March 8, 2013, the court issued a decision and entry denying defendant's motion to vacate. The court noted that it had reviewed defendant's motion and the state's response, and concluded that "[d]efendant [was] not entitled to the relief he seeks." (Decision and Entry.)

{¶ 5} Defendant appeals, assigning the following sole assignment of error for our review:

> TRIAL COURT ERRED IN SENTENCING AND MUST
> RELEASE FROM SENTENCE AND SANCTIONS IMPOSED[.]

{¶ 6} In his sole assignment of error, defendant asserts that his sentence is void because the "Trial Court failed to advise Appellant of the consequences of violating Post-Release Control that he could be returned back to prison for up to one-half of this sentence." (Appellant's brief, 1.) Defendant concedes that the trial court "notified Appellant of the applicable period of Post-Release Control of (5) five years." (Appellant's brief, 1.) Defendant further asserts that the trial court failed to advise him, pursuant to Crim.R. 32(B), of his right to appeal the court's sentencing entry. Because the record indicates that defendant was properly advised as to post-release control, defendant's claims are barred by res judicata.

{¶ 7} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that "was raised or could have been raised" by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v.*

*Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Although res judicata does not preclude review of a "void" sentence, the doctrine "still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. Thus, to survive the res judicata bar, appellant was required to demonstrate that his sentence was "void." *State v. Reed,* 10th Dist. No. 11AP-792, 2012-Ohio-1612, ¶ 8.

{¶ 8}   "[I]n cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms * * * the sentence is void" and "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 30. *Fischer* nonetheless clarified that a sentence void for failure to comply with the statutory requirements of post-release control is void only as to post-release control and must be rectified only in that aspect. *Id.* at ¶ 8, 17.

{¶ 9}   The imposition of post-release control consists of (1) notification of post-release control at the time of sentencing, and (2) incorporation of post-release control in the sentencing entry. *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18-19. Pursuant to R.C. 2929.19(B)(2)(c) and (e), the trial court had to notify defendant at the sentencing hearing that he would be on post-release control after his release from prison and the consequences for violations of post-release control. Post-release control sanctions are also to be included in the judgment entry journalized by the court. *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 13. A trial court meets its statutory obligations to notify a defendant of post-release control "when its oral and written notifications, taken as a whole, properly informed the defendant of post-release control." *Id.* at ¶ 18; *State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056, ¶ 7.

{¶ 10} The record indicates that the trial court properly advised defendant regarding post-release control. Defendant's signed guilty plea form informs defendant that he will be placed under five years of mandatory post-release control following his release from prison. The guilty plea form also contains the following statement:

> I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or

> reimprisonment for up to nine months. The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed.

(Guilty Plea Form, 2.)

{¶ 11} The court's judgment entry imposing sentence states that "[a]fter imposing sentence, * * * [t]he Court also notified the defendant of the applicable period of post-release control pursuant to [former] R C 2929 19(B)(3)(c), (d) and (e)." (Judgment Entry, 2.); *See* R.C. 2929.19(B)(2)(e) (R.C. 2929.19(B)(3)(e) has been recodified under R.C. 2929.19(B)(2); current R.C. 2929.19(B)(2)(e) provides that "if a period of supervision is imposed following the offender's release from prison, * * * and if the offender violates that supervision or a condition of post-release control * * *, the parole board may impose a prison term, * * * of up to one-half of the stated prison term originally imposed upon the offender"). *Compare State v. Darks*, 19th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 13. The record also contains a sentencing disposition sheet signed by the trial judge. On the disposition sheet, the trial judge checked a box which states "[d]efendant notified of * * * Post Release Control in writing and orally."

{¶ 12} Defendant nonetheless contends that the trial court failed to orally advise him of the consequences of violating post-release control. Specifically, he asserts that the trial court did not inform him that if he violated his post-release control, he could return to prison for up to one-half of his sentence. Defendant, however, has failed to provide this court with a transcript of the sentencing hearing. In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. *See* App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). A party may remedy its failure to file a transcript by filing a statement of the evidence with this court pursuant to App.R. 9(C). *See Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 5. Here, defendant has failed to file either a transcript from the sentencing hearing and/or a statement of the evidence pursuant to App.R. 9(C). Absent certification of an adequate record, a reviewing court presumes regularity in the proceedings and must affirm the judgment of the trial court, unless the assignment of error is based solely on a question of law. *Id.* at ¶ 5. Because defendant has not supported the alleged error with a transcript or any alternative form of the

record permitted by App.R. 9, we presume regularity in the trial court proceedings, and thus presume that the trial court orally notified defendant of the consequences of violating his post-release control.

{¶ 13} Defendant has failed to demonstrate that his sentence is void. Therefore, as defendant's sentence is not void, res judicata bars the remainder of defendant's arguments.

{¶ 14} Based on the foregoing, we overrule defendant's sole assignment of error. Having overruled defendant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J. and BROWN, J., concur.

_____