[Cite as *State v. Ray*, 2014-Ohio-4689.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101142

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LUCIEN RAY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-553541-A

**BEFORE:** Boyle, A.J., S. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**FOR APPELLANT**

Lucien Ray, pro se
Inmate No. 622-365
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Adam M. Chaloupka
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Lucien Ray, appeals from the trial court's decision denying his motion to correct his sentence. Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶2} In November 2011, Ray pleaded guilty to an amended indictment of aggravated vehicular assault, a second-degree felony in violation of R.C. 2903.08(A)(1)(a), and driving while under the influence, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(g). One month later, the trial court sentenced Ray to eight years in prison on the aggravated vehicular assault count and six months on the driving while under the influence count, ordering that the terms be run concurrently.

{¶3} Ray never filed a timely direct appeal of his conviction and sentence. In October 2013, Ray filed a motion to file a delayed appeal that was denied by this court.

{¶4} On February 20, 2014, Ray filed a "motion to correct sentence," arguing that the "trial court erred by considering the necessary factors set forth in Ohio Revised Code 2929.11 and 2929.12." In his motion, Ray argued that the trial court considered inaccurate and irrelevant information in imposing a maximum sentence of eight years. Specifically, Ray contended that the presentence investigation report indicated that he was sentenced to eight years in prison in an underlying case, which the trial judge mentioned at sentencing, but that he actually only served two years in that case.

{¶5} The state opposed Ray's motion, arguing that the trial court lacked jurisdiction to alter a final judgment and that Ray failed to point to any statutory basis to

modify or vacate the sentence. The state further argued that Ray's motion had no merit as evidenced by the sentencing transcript.

{¶6} The trial court subsequently denied Ray's motion. From that order, Ray appeals, raising the following single assignment of error: "Trial court erred by not considering the necessary factors set forth in Ohio Revised Code 2929.11 and 2929.12."

Final Judgment and Res Judicata

{¶7} Ray challenges his sentence on the grounds that the trial court failed to consider and properly apply R.C. 2929.11 and 2929.12 when it imposed the sentence. This is the same argument that Ray relied on in his underlying motion to correct his sentence. The state counters, however, that the trial court properly denied Ray's motion because the trial court lacked authority to alter the sentence based on the grounds set forth in Ray's motion. The state further argues that Ray's motion is barred by res judicata. We agree.

{¶8} The Ohio Supreme Court has repeatedly recognized that "'trial courts lack authority to reconsider their own valid final judgments in criminal cases.'" *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20, citing *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997). Indeed, "absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1. And although trial courts retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment, neither

of these exceptions apply in this case. *See Raber* at ¶ 20. Accordingly, because the trial court lacked the authority to modify Ray's sentence based on the grounds asserted in his motion, the trial court properly denied it. *See State v. Petitto*, 8th Dist. Cuyahoga No. 99893, 2013-Ohio-5435 (trial court lacked authority to modify defendant's sentence from consecutive sentences to concurrent sentences pursuant to defendant's motion after the trial court issued its final order).

{¶9} Moreover, the record reveals that Ray never filed a direct appeal from the trial court's final order. Consequently, Ray's challenge of his sentence is barred by the doctrine of res judicata.

{¶10} Under the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that "was raised or could have been raised" by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Jalloh*, 10th Dist. Franklin No. 13AP-411, 2014-Ohio-2730, ¶ 7, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "'Although res judicata does not preclude review of a void sentence, the doctrine 'still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.'" *Jalloh* at ¶ 7, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus. Because Ray is not challenging his sentencing as being void, nor is there any evidence that his sentence is void, the doctrine of res judicata applies in this case. *See Petitto* (applying res judicata

to defendant's attack of sentence when defendant failed to raise the argument in a timely direct appeal).

{¶11} In this case, Ray failed to file a timely direct appeal after the trial court issued its final order of conviction and sentence on December 19, 2011. Ray's present claim that the trial court failed to properly consider R.C. 2929.11 and 2929.12 could have and should have been raised in a timely filed appeal from the December 19, 2011 judgment. Consequently, the claim is now barred by the doctrine of res judicata.

{¶12} We are further not persuaded by Ray's claim that res judicata should not apply because the trial court never informed him of his right to appeal. Ray has never raised this argument in the trial court below, and therefore has not preserved the issue for appellate review. *See State v. Petkovic*, 8th Dist. Cuyahoga No. 97548, 2012-Ohio-4050, ¶ 54.

## R.C. 2929.11 and 2929.12

{¶13} Even if we did not apply the doctrine of res judicata to Ray's claim, his argument still has no merit.

{¶14} The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8.

{¶15} The sentencing transcript attached to his motion to correct his sentence reveals that the trial court clearly considered R.C. 2929.11 and 2929.12 prior to imposing

his sentence.    Indeed, although not required, the trial court set forth on the record its detailed consideration and application of the statutes.    Specifically, the trial court stated the following:

> The overriding purposes and principles of felony sentencing as set forth in 2929.11 of the Revised Code is to protect the public from future crimes by you, to punish you and to do so with the least governmental resources.    The court is required to consider the factors set forth in 2929.12 of the Revised Code as it relates to recidivism, meaning the likelihood of you re-offending and also the seriousness of your conduct.

> With respect to whether you were likely or unlikely to re-offend, this court finds that the 2929.12 factors governing recidivism weigh in favor of you being a risk, a high risk of re-offending, as the Ohio risk assessment score that was done is part of the presentence report.

> Your record goes back to 19 — well, your first arrest for drugs was in 1986.    You were not charged.    I won't consider something that is not a conviction.    The same thing in 1989, possession of cocaine.    You were released without being formally charged.    In 1990, you're arrested for drug abuse.    You were convicted.    You were sent to Lorain Correctional after having violated probation.    That was in case number 250953.

> In case 252642, again a drug abuse case, you were placed on probation.    You violated.    You picked up case number 263581, that being a drug trafficking case, and you were sentenced to prison.    Then in another drug abuse case, 256993, you were placed on probation.

> These cases were — we're now going to the '90s.    Drug trafficking, 1998, 368082, you entered a guilty plea to a felony of the 2nd degree.    You were sent to prison for 8 years.    I don't know the disposition of the 1998 domestic violence.    In 2003, in case number 446034, you were charged with drug trafficking.    That case was dismissed over the objection of the state of Ohio and you were discharged.

> In 2006, you were convicted of conspiracy to possess with the intent to distribute cocaine and marijuana.    This would have been the federal case for which you are currently on federal supervised release.    On

September 25, 2010, you were charged with DUI. It was amended to physical control. Convicted. Then you pick up this case.

The statutory sentencing factors that indicate, pursuant to 2929.12, a likelihood of you re-offending include your record of convictions, your record of probation violations and the fact that you were on supervised release at the time of committing this offense. Also, there's a clear pattern of drug and alcohol abuse which you have not acknowledged.

As a matter of fact, to the contrary, you've said you haven't — including this presentence report, you said you haven't had a drink in 21 years, despite the facts in this case. Statutorily, that renders you more likely to re-offend. You've expressed remorse today. I will note that you didn't when you were interviewed by the Probation Department.

With respect to factors, pursuant to 2929.12, that would indicate an unlikelihood of you re-offending, if an offender shows remorse for an offense and it is genuine, that may mitigate in favor of recidivism being unlikely. That's the only thing that I can note, statutorily speaking. I do find — and I make this finding on the record — that the recidivism factors set forth by statute clearly indicate that you are a high risk of re-offending.
Moving on to the seriousness factors, as set forth in 2929.12, as well, this court makes the finding that indeed this conduct was as serious as it gets. I believe that the state is correct: This does represent the worst form of the offense. Thank God that Ms. Reilly is here to talk about her injuries. Because in this type of impact, certainly she could have been killed because of your conduct. You should not have been behind the wheel of a car.

This court finds that anything other than the maximum term of incarceration would demean the seriousness of the offense. I believe statutorily that there is a clear finding that the recidivism and seriousness factors way in favor of you being highly likely to re-offend and that this conduct is as serious as it gets in this type of an offense.

{¶16} As for Ray's claim that the trial court erroneously stated that he was sentenced to eight years in prison on a previous separate case (Cuyahoga C.P. No.

CR-98-368082), we note that the trial court was simply referencing what the presentence investigation report stated. Although Ray's eight-year sentence in Cuyahoga C.P. No. CR-98-368092 was vacated and modified to two years, the record does not support Ray's claim that the trial court based his underlying sentence in this case on the fact that he served eight years in the other case. To the contrary, the trial court focused on Ray's entire lengthy criminal history and his pattern of re-offending as evidenced by his numerous criminal cases. Accordingly, we find no merit to Ray's claim that the trial court failed to consider the necessary factors prior to sentencing.

{¶17} Ray's single assignment of error has no merit.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR