[Cite as *State v. Timmons*, 2018-Ohio-2837.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 105940, 105941, and 105942**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TERRANCE TIMMONS, JR.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-611004-A, CR-16-611131-A, and CR-16-611383-A

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 19, 2018

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Cleveland, Ohio   44137


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Shannon M. Musson
          Gregory J. Ochocki
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Terrance Timmons, Jr., appeals his convictions and the sentences imposed in three underlying cases, Cuyahoga C.P. Nos. CR-16-611004-A, CR-16-611131-A, and CR-16-611383-A. Upon review, we affirm.

**{¶2}** Appellant was indicted in the underlying cases for drug-related offenses occurring in August and October 2016. Appellant entered guilty pleas to some of the charges, with the remaining counts being nolled. He was sentenced to a total aggregate prison term on all three cases of 14.5 years.

**{¶3}** In Cuyahoga C.P. No. CR-16-611004-A, appellant pled guilty to the following charges as amended: Count 1, drug trafficking (R.C. 2925.03(A)(2)), a felony of the fourth degree, with a one-year firearm specification; Count 3, drug trafficking (R.C. 2925.03(A)(2)), a felony of the fourth degree; Count 6, attempted having weapons while under disability (R.C. 2923.02/2923.13(A)(3)), a felony of the fourth degree; and all forfeiture specifications associated with those counts. The sentencing entry reflects appellant was sentenced to a total prison term of 66 months in the case, including 18 months on Count 1, plus 1 year on the gun specification to be served prior to and consecutive with the base charge; 18 months on Count 3; and 18 months on Count 6. The trial court ordered all counts to run consecutive to one another and to the sentences imposed in Cuyahoga C.P. No. CR-16-611383-A, for a total sentence in all three cases of 14.5 years.[1]

---

[1] The transcript reflects that in Cuyahoga C.P. No. CR-16-611004-A, the sentence pronounced at the sentencing hearing included a longer sentence of 36 months on Count 6, resulting in a total sentence in that case of 7 years, and a total sentence in all three cases of 16 years. We note that although the state mentioned the discrepancy at oral argument, no appeal was taken by the state to challenge the modified sentence imposed in the journal entry. Further, although Crim.R. 43(A)(1) provides a criminal defendant the right to be present at every stage of the criminal proceedings, including the imposition of sentence and any modification of a sentence, appellant does not seek to invoke his due process rights on appeal as to the reduction of his sentence. Accordingly, because a court speaks only through its written journal entries, we shall review the sentence imposed in the trial court's sentencing entry.

{¶4} In Cuyahoga C.P. No. CR-16-611131-A, appellant pled guilty to drug possession (R.C. 2925.11), a felony of the fifth degree. The trial court sentenced appellant to a prison term of 12 months and ordered the sentence to run concurrent to Cuyahoga C.P. Nos. CR-16-611004-A and CR-16-611383-A.

{¶5} In Cuyahoga C.P. No. CR-16-611383-A, appellant pled guilty to the following charges: Count 1, drug trafficking (R.C. 2925.03(A)(2)), a felony of the fourth degree; Count 3, drug trafficking (R.C. 2925.03(A)(2)), a felony of the third degree; Count 5, drug trafficking (R.C. 2925.03(A)(2)), a felony of the fourth degree; and Count 7, having weapons while under disability (R.C. 2923.13(A)(2)), a felony of the third degree; and all forfeiture specifications associated with those counts. The trial court sentenced appellant to a total prison term of 9 years in the case, including 18 months on Count 1; 36 months on Count 3, 18 months on Count 5; and 36 months on Count 7. The trial court ordered all counts to run consecutive to one another and to the sentences imposed in Cuyahoga C.P. No. CR-16-611004-A.

{¶6} Appellant timely filed this appeal. He raises two assignments of error for our review. Under his first assignment of error, appellant claims the trial court erred by failing to fully advise him of his constitutional and statutory rights prior to accepting his guilty plea and that his plea was not knowingly, intelligently, and voluntarily made.

{¶7} Appellant claims that the trial court failed to strictly comply with Crim.R. 11. He argues that although the trial court informed him of his right to be represented by counsel, the court did not advise him that if he could not afford to hire a lawyer, one would be appointed to represent him at no cost. He also argues that although the court advised him of his right to a jury trial, the court did not advise him that he could waive that right and elect to have a bench trial.

{¶8} Additionally, appellant argues that the plea hearing was interrupted by a medical emergency and an exchange by the court with another defense attorney. Appellant further states that he expressed confusion during the plea hearing.

{¶9} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance, and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 108. Furthermore, a defendant must show a prejudicial effect. *Id.*, citing *Stewart* at 93. The test for prejudice is "whether the plea would have otherwise been made." *Id.*, citing *Stewart* at 93.

{¶10} The transcript herein reflects that the plea hearing was interrupted while the plea agreement was being placed on the record. Upon resuming with appellant's case, the remainder of the plea agreement was stated on the record and the plea hearing continued. There is no suggestion that the plea agreement was not properly stated on the record or that appellant did not understand the agreement. Defense counsel indicated that he had fully advised appellant of his available defenses, and counsel expressed satisfaction that the plea would be voluntarily entered.

{¶11} The trial court engaged in a colloquy with appellant and advised him of each of his constitutional rights. Appellant was informed that upon acceptance of his guilty plea, the court could proceed to judgment and sentencing. Appellant indicated that he understood the implications of a plea of guilty and the rights he would be waiving by entering such a plea.

{¶12} Appellant then informed the court about his family's history with selling drugs and that his father was pushing it off on him, and he expressed he was being told things that were causing confusion as to his sentence. The trial court informed appellant about the sentencing process and that the sentence would not be determined until the day of sentencing. The court thoroughly reviewed each count to which appellant would be pleading and the possible sentences that could be imposed. Appellant expressed that he understood. Appellant then pled guilty to each count and expressed that his plea had been voluntarily entered. The trial court accepted the guilty pleas and nolled the remaining counts.

{¶13} Our review of the record reflects that under the totality of the circumstances the defendant had a subjective understanding of the implications of his plea and the rights he was waiving. Further, appellant has not shown that the plea otherwise would not have been entered. We find that the trial court complied with Crim.R. 11 and that appellant's plea was knowing, intelligent, and voluntary. Appellant's first assignment of error is overruled.

{¶14} Under his second assignment of error, appellant claims that the prison terms of 9 years imposed in Cuyahoga C.P. No. CR-16-611383-A and 5.5 years imposed in Cuyahoga C.P. No. CR-16-611004-A, as well as the aggregate prison term of 14.5 years imposed for all three cases is not supported by the record. Under his third assignment of error, appellant challenges the imposition of maximum, consecutive sentences in Cuyahoga C.P. Nos. CR-16-611383-A and CR-16-611004-A.

{¶15} A trial court has full discretion to impose any term of imprisonment within the statutory range, as long as it considers the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Ray*, 8th Dist. Cuyahoga No. 101142, 2014-Ohio-4689, ¶ 14, citing *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8. Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. Appellate courts are to afford deference to a trial court's broad discretion in making sentencing decisions. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10.

{¶16} Appellant argues that the trial court failed to properly consider a number of sentencing factors under the law. Appellant claims that the "more serious" factors under R.C. 2929.12(B) were not applicable and that certain "less serious" factors under R.C. 2929.12(C) were applicable, including that he did not cause or expect to cause physical harm to any person or property and that two of the offenses happened in a very short time period. He also argues that the trial court failed to consider several "less likely" recidivism factors under R.C. 2929.12(E) and maintains that the conduct was the result of rash decisions, made by an immature young man, over a short time period, and that he demonstrated genuine remorse.

{¶17} Additionally, appellant claims the trial court engaged in unfairly prejudicial and overbroad generalizations concerning the growing number of heroin overdose deaths, made statements calling appellant a "death dealer" and "boogeyman" who is going to "come and sell death," and expressed the court's belief that "everyone who sells heroin or fentanyl should be

charged with attempted murder." Appellant states that there was no evidence that any person overdosed or died in connection with any of the cases.

{¶18} The record reflects that prior to imposing sentence, the trial court reviewed the presentence investigation report and heard statements from defense counsel, the assistant prosecutor, and appellant. Appellant expressed that he felt he had been manipulated by his father and blamed his parents for his predicament. However, the court noted that appellant was 26 years old at the time of the offenses and could have said no. Appellant acknowledged that he had been to prison in the past for selling drugs. The trial court's discussion of the heroin epidemic and comments on the dangers of selling heroin reflected upon the seriousness of the offenses. Appellant acknowledged that heroin kills.

{¶19} The trial court rejected appellant's request for a minimum sentence, commenting to appellant that "each time you went to prison for selling drugs you came out and you went right back to selling drugs." Appellant's history of drug offenses dated back to 2008. Appellant also indicated he was on postrelease control at the time of the offenses in this matter.

{¶20} The court engaged in a proper analysis for imposing consecutive sentences. Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must (1) find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) make a finding under R.C. 2929.14(C)(4)(a)-(c). The trial court made the requisite findings and incorporated its findings into the sentencing journal entry consistent with *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶21}** The sentencing journal entry also states that "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." The trial court was not required to make any findings in support of the factors contained in R.C. 2929.11 or 2929.12. *State v. Binford*, 8th Dist. Cuyahoga No. 105414, 2018-Ohio-90, ¶ 39. Also, there is no requirement for findings for imposing maximum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

**{¶22}** Having reviewed the entire record and the presentence investigation report, we are unable to determine by clear and convincing evidence that the record does not support the trial court's findings or the sentence imposed. Appellant's second and third assignments of error are overruled.

**{¶23}** Under his fourth assignment of error, appellant claims he was denied effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at ¶ 223.

**{¶24}** Appellant's claim is premised upon his argument that defense counsel failed to secure further inquiry from the court relating to the voluntariness of his plea and that, at sentencing, defense counsel failed to object or to correct the record with regard to the trial court's statements about heroin overdose deaths. Upon our review, we are unable to conclude that

appellant has demonstrated deficient performance of counsel or prejudice. Appellant's fourth assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR