[Cite as *State v. Dansby-East*, 2016-Ohio-202.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 102656, 102657, 102658, and 102659**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER DANSBY-EAST

DEFENDANT-APPELLANT

---

**JUDGMENT:**
CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582057-A, CR-14-586386-A, CR-14-586870-B,
and CR-14-587857-A

**BEFORE:** Kilbane, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 21, 2016

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
38109 Euclid Avenue
Willoughby, Ohio 44094

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Nicole Ellis
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} In these consolidated appeals, defendant-appellant Christopher Dansby-East ("Dansby-East"), appeals from his convictions for drug trafficking. For the reasons set forth below, we affirm the convictions, but finding plain error in connection with the sentences imposed, we vacate the sentences and remand for resentencing.

{¶2} On February 5, 2014, Dansby-East and codefendant, Michael Marbuery-Davis ("Marbuery-Davis"), were indicted in Cuyahoga C.P. No. CR-14-582057-A, pursuant to a three-count indictment for drug-related offenses that were alleged to have occurred in January 2014. The indictment charged Dansby-East with drug trafficking near a school, in violation of R.C. 2925.03(A)(2); drug possession near a school, in violation of R.C. 2925.11; and possession of criminal tools, in violation of R.C. 2923.24(A). All counts carried forfeiture specifications.

{¶3} On June 25, 2014, Dansby-East and codefendant, Mark Hilston ("Hilston"), were indicted in Cuyahoga C.P. No. CR-14-586386-A, pursuant to an eight-count indictment, charging them with drug possession and other offenses that were alleged to have occurred in April 2014. In relevant part, this indictment charged Dansby-East with four counts of drug trafficking, in violation of R.C. 2925.03(A), and two counts of drug possession, in violation of R.C. 2925.11.

{¶4} On July 28, 2014, Dansby-East, along with Marbuery-Davis and Tashawna Teanna Flakes ("Flakes"), were indicted in Cuyahoga C.P. No. CR-14-586870-B, pursuant to a 15-count indictment, charging them with drug possession and other offenses that were alleged to have occurred in April 2014. In relevant part, this indictment charged Dansby-East with six counts of drug trafficking, in violation of R.C. 2925.03(A), and three counts of drug possession, in violation of R.C. 2925.11.

**{¶5}** On August 19, 2014, Dansby-East and Marbuery-Davis were indicted in Cuyahoga C.P. No. CR-14-587857-A, pursuant to a five-count indictment, charging them with drug possession and other offenses that were alleged to have occurred in March 2014. In relevant part, this indictment charged Dansby-East with one count each of possession of criminal tools, in violation of R.C. 2923.24; drug trafficking, in violation of R.C. 2925.03(A); and drug possession, in violation of R.C. 2925.11.

**{¶6}** On November 24, 2014, Dansby-East entered into plea agreements in each case. Prior to taking the guilty pleas, the trial court held a hearing. During the colloquy, Dansby-East was advised that fifth-degree felony drug offenses are punishable by 6 to 12 months in prison, up to a $2,500 fine, and a mandatory driver's license suspension. In addition, the trial court advised Dansby-East that third-degree felony drug offenses "[involve] a mandatory fine of $5,000 to $10,000 as determined at sentencing." The court further stated:

> Because it's a drug-related offense, there is a mandatory driver's license suspension for a period of six months to five years as determined by the Court at the sentencing hearing. For purposes of letting you know what the risks are with a felony of the 3rd degree, lower tier, this is not a mandatory sentence[.]
>
> So I have the discretion of either putting you on probation or putting you in prison. If I put you on probation, I can do so for up to five years, require you to participate in programs that I think are beneficial to you and the community, and I can put you in the county jail for up to 180 days as part of probation. My only other option or choice would be to put you in prison for a period of time of 9 months, 12, 18, 24, 30 or 36 months. And as I mentioned earlier, there is a mandatory fine of 5 to $10,000. If I put you on probation and you thereafter violate probation, then I can put you in prison for the same amount of time that I could have at the beginning.
>
> If I put you in prison directly, or if I put you in prison as a result of a probation violation, and you serve whatever time that I order, and you are released from the

prison, the Adult Parole Authority has the option of putting you on postrelease control for a period of time of up to three years.

{¶7} Thereafter, in CR-14-582057-A, Dansby-East pled guilty to drug trafficking, a felony of the third degree, in violation of R.C. 2925.03(A)(2). In CR-14-586386-A, Dansby-East pled guilty to two counts of drug trafficking, a felony of the fifth degree. In CR-14-586870-B, Dansby-East pled guilty to two, fifth-degree felony charges of drug trafficking. In CR-14-587857-A, Dansby-East pled guilty to one charge of fifth-degree felony drug trafficking. All of the remaining charges and schoolyard specifications were dismissed.

{¶8} The trial court referred the matter for a presentence investigation prior to sentencing. The court determined that community control sanctions would adequately protect the public and would not demean the seriousness of the offenses. In CR-14-582057-A, the court sentenced Dansby-East to four years of community control sanctions for third-degree felony drug trafficking, which included 180 days in jail for the offense. A 12-month driver's license suspension was also ordered to begin upon Dansby-East's release from jail.

{¶9} In CR-14-586386-A, the court sentenced Dansby-East to four years of community control sanctions, which included 180 days in jail for fifth-degree felony drug trafficking in Count 2, and a concurrent 180-day jail term for fifth-degree felony drug trafficking in Count 5. A 12-month driver's license suspension was also ordered to begin upon Dansby-East's release from jail.

{¶10} In CR-14-586870-B, the court sentenced Dansby-East to four years of community control sanctions, which included 180 days in jail for fifth-degree felony drug trafficking in Count 2, and a concurrent 180-day jail term for fifth-degree felony drug trafficking in Count 5.

A 12-month driver's license suspension was also ordered to begin upon Dansby-East's release from jail.

{¶11} In CR-14-587857-A, the trial court sentenced Dansby-East to four years of community control sanctions for the count of fifth-degree felony drug trafficking. The trial court also ordered that Dansby-East be screened for placement at a Community Based Correctional Facility ("CBCF") and imposed a 12-month license suspension to begin upon his release from jail.

{¶12} At the close of the sentencing hearing, defense counsel indicated that Dansby-East would be filing an affidavit of indigency. The affidavit was not filed, however, and the trial court concluded that Dansby-East is indigent for purposes of filing an appeal. The court noted, however, that the fine was mandatory and imposed a mandatory minimum fine of $5,000 in CR-14-582057-A, plus costs and supervision fees. The court suspended fines and costs until Dansby-East completed his jail term.

{¶13} Dansby-East now appeals and assigns the following errors for our review:

Assignment of Error One

The trial court erred in failing to comply with Criminal Rule 11 when it informed Appellant that the maximum local jail time he faced under a community control sanction was 180 days, and then imposed 360 days of local jail time, in addition to six more months in a community based correctional facility for total local confinement of 18 months.

Assignment of Error Two

The trial court erred to the prejudice of Appellant when it imposed the statutory fine after the record was clear that Appellant was indigent and had been found to be indigent by the trial court.

## Assignment of Error Three

Appellant was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

## Crim.R. 11 Issues

**{¶14}** Within the first assignment of error, Dansby-East asserts that the trial court failed to comply with the requirements of Crim.R. 11 when it failed to inform him of the possibility of consecutive sentences that the court later imposed. Specifically, Dansby-East complains that his plea was not knowingly or voluntarily made because the trial court advised him that he faced up to 180 days of incarceration, then ordered the sentence in CR-14-582057-A to be served consecutively to the sentence imposed in CR-14-586386-A, resulting in 360 days in jail.

**{¶15}** Pursuant to Crim.R. 11(C), the trial court shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶16}** Crim.R. 11 therefore requires a trial court to advise a defendant of the maximum penalty that may be imposed for an offense. This right is not a constitutional right, however, so this aspect of the guilty plea colloquy is reviewed for substantial compliance. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. The Ohio Supreme Court has held that this portion of Crim.R.11(C) does not require the court to advise a defendant of consecutive sentencing. *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus. The *Johnson* court held:

> Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary.

*Id.* at syllabus. In *State v. Gooch*, 162 Ohio App.3d 105, 2005-Ohio-3476, 832 N.E.2d 821, ¶ 12 (8th Dist.), this court further explained the rule as follows:

> Upon its face the rule speaks in the singular. The term "the charge" indicates a single and individual criminal charge. So, too, does "the plea" refer to "a plea" which the court "shall not accept" until the dictates of the rule have been observed. Consequently, the term "the maximum penalty" which is required to be explained is also to be understood as referring to a single penalty. In the context of "the plea" to "the charge," the reasonable interpretation of the text is that "the maximum penalty" is for the single crime for which "the plea" is offered.
>
> It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding.

*Id.*; *Accord State v. Van Horn*, 8th Dist. Cuyahoga No. 98751, 2013-Ohio-1986, ¶ 13.

**{¶17}** By application of the foregoing, we conclude that the trial court was not required to advise Dansby-East of the cumulative total of all of the prison terms for all of the offenses at the time of the guilty plea.

**{¶18}** The first assignment of error is without merit.

<u>Plain Error — Consecutive Jail Sentences</u>

**{¶19}** Under Crim.R. 52(B), plain errors affecting substantial rights may be considered by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be an error that is plain or obvious and that affected the outcome of the case. *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Courts are to take notice of plain error under Crim.R. 52(B) "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id*. at ¶ 27, quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. In this matter, we conclude that plain error has occurred, pursuant to R.C. 2929.16 and *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874.

**{¶20}** R.C. 2929.16 sets forth community residential sanctions that may be imposed for a felony and provides:

> (A) Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. * * *
>
> (1) A term of up to six months at a community-based correctional facility that serves the county;
>
> (2) Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, [for felonies not applicable herein] a term of up to six months in a jail[.]

*Accord* R.C. 2929.15(A)(1) ("If in sentencing an offender for a felony the court * * * may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code.").

**{¶21}** Although a trial court is permitted to impose any combination of community residential sanctions for a felony under R.C. 2929.16(A), when imposing a sentence for multiple felonies, "R.C. 2929.16(A)(2) does not authorize a trial court to impose consecutive jail sentences." *Barnhouse* at syllabus. In reaching this conclusion, the *Barnhouse* court observed that R.C. 2929.41(A) sets forth the general rule that any sentence of imprisonment shall be served concurrently with any other sentence of imprisonment, subject to certain enumerated exceptions. The court went on to conclude that none of the exceptions to R.C. 2929.41 were applicable to consecutive jail sentences.

**{¶22}** The court further noted that R.C. 2929.16(A)(2) authorizes a six-month maximum jail sentence. Further, unlike R.C. 2929.14(C)(1) that governs consecutive prison terms if certain findings have been made, R.C. 2929.16 does not contain similar language authorizing consecutive sentences if certain findings are made. The *Barnhouse* court therefore concluded that, in light of these limitations in R.C. 2929.16, it would be inconsistent with the state's overall sentencing scheme to permit the imposition of consecutive jail terms. The court explained:

> [T]he state's position is inconsistent with the policy underlying the sentencing scheme in R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). Those sections require trial courts that impose consecutive sentences to make statutorily enumerated findings and to give reasons supporting those findings for review on appeal. * * * R.C. 2929.16, however, contains no such requirement; thus, to hold that a trial court may impose consecutive sentences under that provision would be to treat

similarly situated defendants differently and to provide appellate courts with no ability to review a trial court's findings or reasons for imposing consecutive sentences under R.C. 2929.16(A). We do not believe that the language in R.C. Chapter 2929 reflects an intention of the General Assembly to grant such unfettered discretion to the trial court.

*Barnhouse* at 225.

{¶23} Therefore, in this particular matter, the trial court erred insofar as it ordered that the 180-day jail sentence imposed for Dansby-East's felony conviction in CR-14-582057-A must be served consecutively to the 180-day jail sentence imposed in CR-14-586386-A. *Barnhouse*. *Compare State v. Lyles*, 8th Dist. Cuyahoga No. 97524, 2012-Ohio-3362, where this court stated:

> [W]hile R.C. 2929.13(B)(1) provides a presumption of community control, the statute does provide trial courts with the ability to sentence an offender to prison for fourth and fifth degree felonies. *See* R.C. 2929.13(B)(3)(a). R.C. 2929.14(A)(5) provides that the prison term for a fifth-degree felony, as applicable here, ranges from six months to one year in prison. Additionally, R.C. 2929.16(A)(2), which sets out local incarceration sanctions, provides the trial court with the authority to sentence an offender for up to six months in the local jail.
>
> Here, the trial court sentenced Lyles to three months in the county jail for trafficking, a fifth degree felony. That sentence was well within the statutory range outlined in R.C. 2929.14(A)(2) and was beneath the maximum anticipated by R.C. 2929.16(A)(2). In either case, the trial court did not sentence Lyles in excess of the statutory maximum penalties.

*Id*. at ¶ 19-20.

{¶24} Moreover, although the total of all of the jail terms imposed (360 days) is less than the range of possible prison terms, *see* R.C. 2929.(A), "a jail sentence [served in county jail] is not the equivalent of, or part of, a prison term." *White v. State*, 8th Dist. Cuyahoga No. 93632, 2009-Ohio-6828, ¶ 16. Therefore, the sentence is contrary to law. However, under R.C.

2953.08, the appellate court may vacate the sentence and remand for resentencing. Accordingly, we vacate the sentences and remand the consolidated cases for resentencing.

Indigency Issue

{¶25} In his second assignment of error, Dansby-East asserts that the trial court erred in imposing the mandatory fine of $5,000 because he is indigent, as the court noted for purposes of appointing appellate counsel.

{¶26} "[A] trial court has broad discretion when imposing financial sanctions upon a defendant, and an appellate court will review the trial court's decision for an abuse of discretion." *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, ¶ 5.

{¶27} R.C. 2929.18(B)(1) provides for a mandatory fine for first-, second-, or third-degree felony violations of any provision of R.C. Chapter 2925, but prohibits a trial court from imposing a mandatory fine on an indigent defendant. In relevant part, R.C. 2929.18(B)(1) provides:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶28} Under R.C. 2929.18(B)(1), in order to avoid an imposition of the mandatory fine, the defendant must (1) submit an affidavit of indigency to the court prior to sentencing, and (2) the court must find that "the offender is an indigent person and is unable to pay the mandatory fined." *State v. Gipson*, 80 Ohio St.3d 626, 634, 1998-Ohio-659, 687 N.E.2d 750. Moreover, before imposing a financial sanction under R.C. 2929.18, the court must also consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19(B)(5).

**{¶29}** In this matter, Dansby-East did not file an affidavit of indigency with the trial court prior to sentencing as required under R.C. 2929.18(B)(1). The trial court also noted that the fine could be paid on a payment plan and that it could be satisfied through community work service. Based on our review of the record, we find that he has failed to demonstrate that he is "indigent and unable to pay," and therefore, the trial court properly imposed a mandatory fine after finding him guilty of drug trafficking.

**{¶30}** The second assignment of error therefore lacks merit.

Claim of Ineffective Assistance of Counsel

**{¶31}** In his third assignment of error, Dansby-East asserts that his trial court counsel was ineffective for failing to submit an affidavit of indigency to the trial court and failing to establish Dansby-East's inability to pay the mandatory fine. He further argues that there is a reasonable probability that Dansby-East would have been deemed indigent if counsel had not so erred.

**{¶32}** The failure to file an affidavit of indigency constitutes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. *State v. Powell*, 78 Ohio App.3d 784, 605 N.E.2d 1337 (3d Dist.1992); *State v. Hubbard*, 8th Dist. Cuyahoga No. 99093, 2013-Ohio-1994; *State v. McDowell*, 11th Dist. Portage No. 2001-P-0149, 2003-Ohio-5352; *State v. Russia*, 12th Dist. Butler No. CA2013-01-003, 2013-Ohio-4125. In addition, a determination that a criminal defendant is indigent for purposes of receiving appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine. *State v. Knox*, 115 Ohio App.3d 313, 317, 685 N.E.2d 304 (8th Dist.1996); *State v. Williams*, 105 Ohio App.3d 471, 483, 664 N.E.2d 576 (8th Dist.1995).

**{¶33}** In this matter, the record does not demonstrate a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. Therefore, absent a demonstrated trial error, the claim of ineffective assistance of counsel must likewise fail. *See State v. Henderson*, 39 Ohio St.3d 24, 33, 528 N.E.2d 1237 (1988).

**{¶34}** Convictions are affirmed, but the sentences are vacated and the matter is remanded for resentencing.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR