[Cite as *State v. Wojtowicz*, 2017-Ohio-1359.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104384

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC PAUL WOJTOWICZ

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-600564-A, CR-15-600634-A, CR-15-600857-A,
CR-15-601578, CR-15-601644-A, CR-15-602158-A

**BEFORE:** Keough, A.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 13, 2017

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Anna Woods
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Eric Paul Wojtowicz, appeals his guilty pleas and sentence. For the reasons that follow, we affirm.

{¶2} In late 2015 and early 2016, Wojtowicz was named in six different indictments charging him with multiple counts of theft, breaking and entering, and criminal damaging, mostly felonies of the fourth and fifth degree. In Cuyahoga C.P. No. CR-15-600564, he was charged with breaking and entering (Counts 1, 5, 7, and 10), grand theft (Count 2), theft (Count 3), misuse of credit cards (Count 4), petty theft (Counts 6 and 11), theft (Count 8), failure to comply (Count 9), and receiving stolen property (Count 12). In Cuyahoga C.P. No. CR-15-600634, Wojtowicz was charged with breaking and entering (Count 1), vandalism (Count 2), and petty theft (Count 3). In Cuyahoga C.P. No. CR-15-600857, he was charged with breaking and entering (Count 1), theft (Count 2), and criminal damaging or endangering (Count 3). In Cuyahoga C.P. No. CR-15-601578, Wojtowicz was charged with breaking and entering (Count 1), petty theft (Count 2), and vandalism (Count 3). In Cuyahoga C.P. No. CR-15-601644, Wojtowicz was charged with breaking and entering (Count 1) and theft (Count 2). In Cuyahoga C.P. No. CR-15-602158, he was charged with breaking and entering (Count 1) and petty theft (Count 2).

{¶3} All these cases arose from a month-long crack cocaine binge where Wojtowicz would steal cars, back them into stores to gain entrance, and steal cigarettes and other merchandise from inside the stores. He did this approximately eight times in

seven different jurisdictions in Cuyahoga County, causing approximately $40,000 worth of overall damage. The cases were consolidated without objection.

{¶4} In 2016, Wojtowicz entered in a plea agreement with the state. In Case No. CR-15-600564, he pled guilty to Counts 1, 7, 10 (breaking and entering, a fifth-degree felony), Count 9 (failure to comply, a third-degree felony), and Count 12 (receiving stolen property, a fourth-degree felony). In Case No. CR-15-600634, he pled guilty to Count 1 (breaking and entering, a fifth-degree felony) and Count 2 (vandalism, a fifth-degree felony). In Case No. CR-15-600857, he pled guilty to Count 1 (breaking and entering, a fifth-degree felony). In Case No. CR-15-601578, he pled guilty to Count 1 (breaking and entering, a fifth-degree felony). In Case No. CR-15-601644, he pled guilty to Count 1 (breaking and entering, a fifth-degree felony). In Case No. CR-15-602158, Wojtowicz pled guilty to Count 1 (breaking and entering, a fifth-degree felony) and Count 2 (petty theft, a first-degree misdemeanor). All other counts in the six indictments were nolled. As part of the plea agreement, Wojtowicz agreed to pay restitution to the victims and businesses.

{¶5} At sentencing, the trial court reviewed the presentence investigative report ("PSI") and heard victim impact statements and mitigation arguments. The court imposed the following sentence: in Case No. CR-15-600564, Wojtowicz was sentenced to the maximum of 12 months on Counts 1, 7, 10 (breaking and entering), 30 months on Count 9 (failure to comply), and the maximum of 18 months on Count 12 (receiving stolen property); with all counts to be served consecutively for a total prison sentence of 7

years. He was also ordered to pay restitution to Michael Beach ($8,095.94), GetGo Gas Station ($6,030.05), and Express Deli ($1,500).

{¶6} In Case No. CR-15-600634, Wojtowicz was sentenced to the maximum of 12 months on each of Count 1 (breaking and entering) and Count 2 (vandalism), to be served concurrently for a total prison sentence of 12 months.

{¶7} In Case No. CR-15-600857, he was sentenced to the maximum of 12 months on Count 1 (breaking and entering), and ordered to pay restitution to Circle K ($500). In Case No. CR-15-601578, Wojtowicz was sentenced to the maximum of 12 months on Count 1 (breaking and entering). In Case No. CR-15-601644, Wojtowicz was sentenced to the maximum of 12 months on Count 1 (breaking and entering), and ordered to pay restitution to Game Stop ($10,968.70). In Case No. CR-15-602158, he was sentenced to the maximum of 12 months on Count 1 (breaking and entering) and the maximum of six months on Count 2 (petty theft), to be served concurrently for a total prison sentence of the maximum of 12 months. All of the sentences imposed in each case were ordered to run consecutively to each other for a total prison sentence of 12 years.

{¶8} Wojtowicz filed a timely appeal. In September 2016, this court granted Wojtowicz's motion to remand the case to the trial court for the limited purpose of allowing him to move to vacate his guilty plea. The motion to vacate challenged the voluntariness of his plea, the competence of his counsel, counsel's advice regarding Wojtowicz's sentencing exposure, and the length and proportionality of the sentence that

the court imposed. The trial court summarily denied Wojtowicz's motion, and the case was returned to this court's docket to address Wojtowicz's appeal.

## I. Plea

{¶9} In his first assignment of error, Wojtowicz contends that he did not enter a knowing, intelligent, and voluntary guilty plea because the plea colloquy was misleading. Specifically, he contends the plea colloquy (1) contained ambiguous information concerning whether and the extent to which the trial court could impose the sentences consecutively, and (2) failed to give him any realistic sense of his sentencing exposure because the lack of information prevented him from intelligently comparing the risks and benefits of entering the guilty plea versus going to trial.

{¶10} Under Crim.R. 11(C)(2), in a felony case, a trial court shall not accept a guilty plea without first addressing the defendant personally and (1) determining that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty involved, (2) informing the defendant of and determining that the defendant understands the effect of the guilty plea and that the court, upon accepting the plea, may proceed with judgment and sentence, and (3) informing the defendant and determining that the defendant understands that by the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself.

{¶11} A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. For nonconstitutional rights, such as the right to be informed of the nature of the charges and the maximum penalty involved, we review for substantial compliance with the rule. *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). Substantial compliance means that under the totality of the circumstances, the defendant understands the implications of his plea and the rights he is waiving. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶12} In this case, the trial court more than substantially complied with advising Wojtowicz of the maximum penalty he could receive for each charge he pled guilty to, including the mandatory-consecutive sentence that was required for the third-degree felony offense of failure to comply. (Tr. 15.) Moreover, Crim.R. 11(C) does not require a defendant to be told that his sentences may be imposed consecutively. *State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 24, citing *State v. Johnson*, 40 Ohio St.3d 130, 134, 532 N.E.2d 1295 (1988), syllabus. Nor does the trial court have to advise a defendant of the cumulative total of all prison terms for all the offenses at the time of the guilty plea. *Vinson* at ¶ 25, citing *State v. Dansby-East*, 2016-Ohio-202, 57 N.E.3d 450, ¶ 16-17 (8th Dist.).

{¶13} Contrary to Wojtowicz's assertion on appeal, the trial court did not provide ambiguous language regarding whether it could impose consecutive sentences. After setting forth the plea agreement, explaining the nature of the offenses, and stating the maximum penalty for each offense degree, the trial court stated:

> Now, these counts could be run — the law favors concurrent sentences. If I so choose, I can run them consecutively to one another. I don't see a reason for doing that, but that's a decision I'll make at the time of sentencing after I get all the facts and information in front of me and review your PSI, look to see if certain findings are necessary. The law does carry a potential probation sentence for each of these counts up to 5 years.

(Tr. 16.)

{¶14} The trial court clearly stated that it was not going to make a determination about consecutive sentences until sentencing and after it reviewed the PSI. Wojtowicz stated on the record that he understood the court's advisement; any misunderstanding could have been raised at that time. Furthermore, Wojtowicz denied that any threats or promises were made to him to induce his plea. (Tr. 11.)

{¶15} Wojtowicz contends that the court was required to advise him that each sentence imposed could be "stacked," meaning run consecutively to each other. In support, Wojtowicz cites to this court's decision in *State v. Goodson*, 8th Dist. Cuyahoga Nos. 101830 and 101831, 2016-Ohio-1535, where we concluded that based on the trial court's use of broad language, the defendant did not have a basis to understand the maximum sentence that could be imposed. In *Goodson*, the trial court stated during the plea colloquy that "the potential prison sentence that I can give you in this matter is as follow: 12, 18, 24, 30, 42, 48, 54, 60 months." *Id*. at ¶ 12. However, the range the trial

court stated was actually the range the court could impose on each count that the defendant pled guilty. This court found that based on the totality of the circumstances, the defendant did not subjectively understand at the plea hearing what the maximum penalty would be for each offense. *Id.* at ¶ 13.

**{¶16}** The colloquy in *Goodson* is drastically different from the trial court's colloquy with Wojtowicz. After the court explained the nature of the offenses and delineated the degree of the offenses, the trial court explained the maximum penalty that each offense degree carried, whether a first-degree misdemeanor, or a third-, fourth-, or fifth-degree felony. Based on the totality of the circumstances and considering the entire plea colloquy, Wojtowicz realistically understood the (1) maximum penalty that could be imposed, and (2) that the court had discretion to impose the sentences consecutively. The state said it best in its brief: Wojtowicz "pleaded guilty to numerous crimes and received a prison sentence [that] he knew was possible but mistakenly believed was unlikely." A change of heart is not a sufficient ground to withdraw a plea. *See, e.g., State v. Barrett*, 8th Dist. Cuyahoga No. 100047, 2014-Ohio-1234.

**{¶17}** Accordingly, the first assignment of error is overruled.

## II. Effective Assistance of Counsel

**{¶18}** In his second assignment of error, Wojtowicz contends that he was denied effective assistance of counsel during the plea and sentencing hearing because his counsel (1) urged him to enter the plea based on misinformation about his maximum sentencing exposure, and (2) failed to effectively present evidence in mitigation — specifically to

highlight the level of cooperation Wojtowicz provided to law enforcement, stress the nonviolent nature of the misconduct, and present evidence of his personal history that diminished or explained some of the conduct in the case.

{¶19} Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶20} Wojtowicz first contends that his counsel was ineffective for urging him to enter the plea based on misinformation about his maximum sentencing exposure. He maintains that had he known that he could have received more than a decade in prison for these low-level felonies, he would not have pleaded guilty. In support, Wojtowicz relies on his affidavit and the affidavit from his trial counsel stating it was anticipated that Wojtowicz would not receive a prison sentence longer than five years. While this may have been what was expected, the record indicates that no promises were made. As previously noted, Wojtowicz denied that threats or promises were made to him to induce his plea. (Tr. 11.)

{¶21} "An attorney's mere inaccurate prediction of a defendant's sentence does not constitute ineffective assistance of counsel." *Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, at ¶ 32.

"A good faith but erroneous prediction of sentence by defense counsel does not render the plea involuntary. Where the representations made by defense counsel were hopeful, good faith estimates, not promises, the fact that defendant may have had expectations of leniency is not sufficient, absent evidence that the government induced such expectation, to justify withdrawal of the plea."

*Id.* quoting *State v. Salley*, 10th Dist. Franklin No. 80AP-850, 1981 Ohio App. LEXIS 10295, *10-11 (June 11, 1981); *see also State v. Longo*, 4 Ohio App.3d 136, 139-140, 446 N.E.2d 1145 (8th Dist.1982) (counsel's error in "predict[ing] a sentencing result based on an educated judgment" that "did not pan out" did not render his assistance ineffective); *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 10 (8th Dist.).

{¶22} Any attorney who advises a defendant to plea, to some extent, leaves the defendant at the mercy of the court. "Waiving trial entails the inherent risk that the good-faith evaluation of a reasonably competent attorney will turn out to be mistaken[.]" *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Additionally, once the Crim.R. 11(C)(2)(a) maximum penalties were given, Wojtowicz had the choice to proceed to trial. For this reason, this court has held, "[a] defendant cannot succeed on a motion to withdraw a plea based on erroneous advice when defendant states that no promises were made in exchange for the plea and when the possibility of jail is explained." *Westlake v. Barringer*, 8th Dist. Cuyahoga No. 73774,

1998 Ohio App. LEXIS 6242, *6 (Dec. 24, 1998), citing *State v. Harris*, 8th Dist. Cuyahoga No. 70462, 1997 Ohio App. LEXIS 300 (Jan. 30, 1997).

{¶23} As previously discussed in addressing the first assignment of error, Wojtowicz entered a knowing, voluntary, and intelligent plea after being advised of the maximum penalties he faced for each offense and that those sentences could be run consecutively. Other than a post-sentencing affidavit, nothing in the record indicates that Wojtowicz would not have pleaded guilty instead of going to trial. The trial court imposed a sentence that it deemed appropriate based on the PSI information, Wojtowicz's significant and lengthy criminal history, and his inability to be rehabilitated or deterred by the prior sentences, including prison sentences. Wojtowicz's counsel made a good faith, experience-based estimate on the sentence that Wojtowicz would receive. The fact that trial counsel misjudged the sentence does not constitute that he was ineffective.

{¶24} Wojtowicz also contends his counsel was ineffective for failing to (1) effectively present mitigation evidence, specifically the level of cooperation Wojtowicz provided to law enforcement, (2) stress the nonviolent nature of the misconduct, or (3) present evidence of his personal history that diminished or explained some of the conduct in the case.

{¶25} "'The presentation of mitigating evidence is a matter of trial strategy,' * * * even if counsel's chosen strategy proves unsuccessful." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 304, quoting *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 189.

{¶26} At sentencing, the court heard about the facts and circumstances surrounding the offenses. The court also heard from representatives from the stores where Wojtowicz caused damage. The representatives told the court about the damage, the merchandise stolen, and the amount of restitution being sought. Additionally, an owner of one of the stolen cars testified and advised the court about the condition his car was in when it was recovered.

{¶27} A review of the record demonstrates that counsel provided effective representation during sentencing. He successfully challenged speculative restitution amounts. Additionally, even though counsel clarified that the police chase occurred in the early morning hours when traffic was not heavy, the court indicated that it did not matter because it was a busy area where people were going to church on a Sunday morning. Finally, counsel reminded the trial court that Wojtowicz met with the arresting officers to proffer, and offered his assistance to help with other investigations.

{¶28} On appeal, Wojtowicz contends that these mitigation arguments were insufficient. However, he ignores his own mitigation statements where he explained his level of cooperation with law enforcement by fully confessing to his actions. Additionally, he told the court that he offered to help detectives with controlled buys of the stolen tobacco and merchandise. Finally, Wojtowicz expressed his remorse and accepted responsibility for his actions. Based on his own mitigation statements, the court was fully aware of Wojtowicz's level of cooperation and his willingness to participate in ongoing operations.

{¶29} While Wojotwicz contends that his level of cooperation made no impression on the trial court for sentencing, this lack of impression should not be imputed onto trial counsel. The weight given to any mitigation is purely discretionary and rests with the trial court *State v. Lott*, 51 Ohio St.3d 160, 171, 555 N.E.2d 293 (1990) (in imposing sentence, the assessment of and weight given to mitigating evidence are matters within the trial court's discretion). The record demonstrates that the trial court determined that the nature of the offenses and Wojtowicz's criminal history clearly outweighed any mitigation evidence.

{¶30} Accordingly, based on the foregoing, we cannot say that Wojtowicz was denied effective assistance of counsel. His second assignment of error is overruled.

### III. Sentence Motivation

{¶31} Wojtowicz contends in his third assignment of error that his 12-year prison sentence violates his rights to due process and equal protection under the law because it was imposed due to his inability to pay restitution.

{¶32} A sentence imposed as the result of the court's dissatisfaction that a defendant is "unable" to make restitution is constitutionally unacceptable and violates the Equal Protection Clause of the Fourteenth Amendment. *State v. Cantrell*, 2d Dist. Champaign No. 2005-CA-4, 2006-Ohio-404, ¶ 47, citing *Fairfield v. Schuk*, 12th Dist. Butler No. CA83-05-040, 1984 Ohio App. LEXIS 8774 (Feb. 6, 1984); *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 23 L.Ed.2d 130 (1971). However, the overall sentence imposed in this case was not based on an inability to pay restitution.

**{¶33}** Wojtowicz agreed that as part of the plea deal he would pay restitution, as determined at sentencing. During sentencing, the state made the following request regarding the length of prison sentence:

> Now, with the amount of restitution and Mr. Wojtowicz's lack of being able to pay it back, the State would request prison time. This is an offense that continued on with multiple victims with a very bad two weeks and one outlier two weeks before that. So in about the course of a month it was a long list of stores damaged.

(Tr. 36.)

**{¶34}** While the state may have wanted to punish Wojtowicz for his inability to pay restitution, there is no evidence in the record that the trial court imposed the 12-year sentence for this reason. In fact, the trial court ordered Wojtowicz to pay over $25,000 in restitution to the various businesses and victims after he is released from prison. Considering that Wojtowicz will be approximately 42 years of age when released, it is quite possible that Wojtowicz will be able to pay the restitution.

**{¶35}** The record demonstrates that Wojtowicz received a 12-year sentence because of his lengthy and significant criminal history and his undeterred conduct. The trial court spent a significant amount of time setting forth Wojtowicz's criminal history and the sentences previously imposed. Moreover, Wojtowicz was on postrelease control at the time of the offenses. Finally, the court noted that Wojtowicz still had other warrants for his arrest in other jurisdictions for breaking and entering, vandalism, and theft. In fact, the court noted at the end of the criminal history recitation:

> You know, I didn't realize the extent of your prior history. The fact that multiple judges in this building have given you probation, given you

inpatient treatment, given you opportunities to fix yourself and eventually they throw up their hands and send you to prison. As soon as you get out of prison you continue to do the same thing. And you know, I said it already, the two treatment facilities you've been to are the best in Cuyahoga County and, clearly, they couldn't help you.

* * *

It's reached a point with this Court that I can't condone — obviously, I don't condone this behavior and I cannot continue what the other judges have done with you and experiment with Community Control, because that's just not worth it. And apparently the sentences that were given to you in the past were not adequate to eventually put in your head the fact that your behavior is wrong and is against society. So I today am going to give you a sentence that hopefully will resonate with you and teach you that you cannot behave like this, that no one can behave like this. And hopefully it will protect the public from future crime, not only from yourself, but from others as well when they see the sentence I'm good to give you here.

Clearly, on this case you have an extensive criminal history, you have not benefited [sic] from prior attempts at rehabilitation either though probation or through incarceration. This was part of an organized criminal, not conspiracy, but this was a — you know, ongoing course of criminal conduct in this matter. And although you're expressing remorse, the fact that you've been to prison, been out of prison and continue to behavior like this, your remorse rings hollow with this Court.

(Tr. 46-47.)

{¶36} At no point did the trial court even mention the word restitution; it is clear that the court was imposing a sentencing based on Wojtowicz's undeterred conduct over the years. Accordingly, we find that the record does not support that Wojtowicz's ability or inability to pay restitution at the time of sentencing was a factor the court considered. The final assignment of error is overruled.

{¶37} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

 

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR